J. F. WEATHERS v. H. T. WILLIAMS, as Sheriff of Brevard County.

182 So. 764
Opinion Filed July 8, 1938.
Rehearing Denied July 26, 1938.
Extraordinary Petition for Rehearing Denied Aug. 1, 1938.

*Walter A. Shelley and Grant & Luther, H. H. Wells* and *B. K. Roberts,* for Appellant;

*George Couper Gibbs,* Attorney General, *Tyrus A. Norwood,* Assistant Attorney General, and *Lloyd F. Boyle,* State Attorney, for Appellee.

BUFORD, J.—J. F. Weathers exhibited his Bill of Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Brevard County in which he alleged:

I. "That the plaintiff is the owner of certain skill and amusement machines and marble and pin game machines known as 'Pace's Races,' 'Keeny's Track Time,' 'Exhibits

Races,' 'El Toro Bumper,' 'Chico Derby,' 'Bobs' and 'Long Beach'; That the plaintiff is engaged in the business of installing said machines in stores in Brevard County, Florida.

II. "That said machines are duly licensed under the Laws of the State of Florida and are not gambling devices or 'Slot Machines,' but are solely for amusement purposes.

III. "That said 'Pace's Races' Amusement Machines consist of a rectangular box with a glass top, in which is located a runway, and upon which runway are seven mechanical horses; on the side of said machines there are seven slides, each of which is numbered respectively from one to seven corresponding to the numbers on the mechanical horses. Such machines are operated in the following manner: The player selects the particular horse which he thinks will win, by depositing a coin in the slide bearing the number corresponding to the horse selected, which coin releases the operating mechanism so that the horses proceed at different paces towards the barrier at the end of the box. The player placing the coin in the slide bearing the number corresponding with the number on the winning horse wins the game. Said machines emit no money or slugs or any kind of article, nor do they pay off in any manner, the purpose of said machines being merely for the amusement of the players. No cash or other valuable prizes are awarded to the winner of any of the games. That such purpose of said machines is conspicuously displayed thereon. That said plaintiff does not allow, permit or suffer said machines to be played for gaming or gambling purposes, by any person or persons, for any valuable consideration; that said Plaintiff does not permit said machines to be played in any house, room, or building used for the purpose of gambling.

IV. "That said 'Keeny's Track Time' Amusement Machines consist of a console table with a glass top, on which is located three illuminated dials; on each of the dials ap-

pear the heads of seven horses. On one side of the glass top appears seven slides, each of which is numbered respectively from one to seven corresponding to the numbers on the faces of the horses on the illuminated dials. Such machines are operated in the following manner; the player selects the particular horse which he thinks will win, by depositing a coin in the slide bearing the number corresponding the horse selected on the illuminated dials, which coin releases the operating mechanism so that the dials containing the horses faces illuminate, each face consecutively on each dial until it comes to rest upon the face of the winning horse on each dial. The player placing the coin in the slide bearing the number corresponding with the number on the winning horse on the first dial wins the game; the player placing the coin in the slide bearing the number corresponding with the number on the winning horse on the second dial is considered to have selected the horse running second, or placing; the player placing the coin in the slide bearing the number corresponding with the number on the winning horse on the third dial is considered to have selected the horse running third, or showing. Said machines emit no money or slugs or any kind of article, nor do they pay off in any manner, the purpose of said machines being merely for the amusement of the players. No cash or other valuable prizes are awarded to the winners of any of the games. That such purpose of said machines is conspicuously displayed thereon. That said plaintiff does not allow, permit or suffer said machines to be played for gaming or gambling purposes, by any person or persons, for any valuable consideration; that said plaintiff does not permit said machines to be played in any house, room or building used for the purpose of gambling.

V. "That the remaining machines consisting of marble or pin game machines and are operated in the following

manner; they consist of a rectangular box with a glass top. A coin is deposited, which releases the operating mechanism so that small balls or marbles are made available for playing, which are propelled by a plunger; this plunger has a certain amount of resistance because it is spring controlled. The player permits the plunger to strike against the marble in some respects as a billiard cue would strike a ball. The object is to get the ball into holes or to strike a bumper with the highest numbers, so as to run up a high score, which score increases relative to the skill of the player. Hazards appear on the face of the game in the shape of little nails, springs, resilient rails etc. Said marble or pin game machines emit no money or slugs or any article of any kind, nor do they pay off in any manner, the purpose of such machines being to test the skill of the player. No cash or other valuable prizes are awarded to the winner of any such games; that such purpose of said machines is conspicuously displayed upon said machines; that said plaintiff does not allow, permit or suffer said machines to be played for gaming or gambling purposes by any person or persons for money or other valuable consideration; that said plaintiff does not permit said machines to be played in any house, room or building used for 'the purpose of gambling."

It is then alleged that H. T. Williams is the duly elected, qualified, and acting Sheriff of Brevard County, Florida, and that he has deputized as certain deputy sheriffs, servants, agents and employees various individuals, the number and names being unknown to the plaintiff, who are authorized under the statutes to act in the name of the Sheriff and who are responsible to the Sheriff for their conduct in the Sheriff's office, and that under the provisions of Section 4578 C. G. L. 1927, the Sheriff is responsible for the neglect and default of such deputies, servants and employees.

It is alleged that under the provisions of Chapter 18143, Acts of 1937, operation of machines commonly known as slot machines is made unlawful and the operation of such is prohibited.

The bill then pleads the provisions of Sec. 2 of Chapter 18143, *supra,* and of Sections 3 and 4 of the same Act.

It alleges that Section 5 of the Act provides for the destruction of the machines, apparatus and device under certain conditions.

It is then alleged:

"That, in and by Section 7664, Compiled General Laws of Florida, 1927, it is provided as follows: 'The Sheriff or any peace or police officer, when any of the implements, devices or apparatus commonly used for gambling purposes, are found in any house, room, booth or other place used for the purpose of gambling, shall seize the same and hold them subject to the discretion of the Court, to be used as evidence, and afterwards the same shall be publicly destroyed in the presence of witnesses under order of the Court to that effect.'"

And it further alleged:

"That the Sheriff of Brevard County, Florida, through his deputies, has personally advised said plaintiff that he will, on the 15th day of June, A. D. 1938, seize and confiscate the plaintiff's said machines, above described, as slot machines and gambling devices; that, therefore, unless said Sheriff and his deputies are instanter enjoined as hereinafter prayed, all of said plaintiff's, 'Pace's Races,' 'Keeny's Track Time,' 'Exhibits Races,' 'El Toro Bumper,' 'Chico Derby,' 'Bobs' and 'Long Beach' machines above described, will be seized and confiscated by the Sheriff and/or his deputies, arbitrarily and without authority, on the ground that the said constitute slot machines and gambling devices;

that, by reason of such action and threats on the part of said Sheriff and his deputies, said plaintiff will be deprived of property without due process of law, his duly licensed business destroyed, and the value of said machines and the proceeds therefrom will be forever lost to said plaintiff, whereby said plaintiff will suffer immediate and irreparable injury, loss and damages, before notice can be served and a hearing had thereon, in violation of the Constitution of the United States; that the injury apprehended will be done if an immediate remedy by way of a restraining order is not afforded."

The bill prays for temporary restraining order, as follows:

"1.   That this Honorable Court will forthwith grant to the Plaintiff a temporary restraining order herein enjoining and restraining said H. T. Williams, as Sheriff of Brevard County, Florida, and his successors in office, and their deputies, servants, assistants, agents and/or employees, from seizing, confiscating, molesting, taking, or in any manner interfering with or preventing, directly or indirectly, the operation of the 'Pace's Races,' 'Keeny's Track Time,' Exhibits Races,' 'El Toro Bumper,' Chico Derby,' 'Bobs,' and 'Long Beach' machines, owned by the plaintiff as aforesaid, so long as the same are not used for gaming or gambling purposes, or until further order of this Court.

"2.   That this Honorable Court will thereafter grant to the Plaintiff a temporary injunction order herein enjoining and restraining said H. T. Williams, as Sheriff of Brevard County, Florida, and his successors in office, and their deputies, servants, assistants, agents and/or employees, from seizing, confiscating, molesting, taking or in any manner interfering with or preventing, directly or indirectly, the operation of the 'Pace's Races', 'Keeny's Track Time,' 'Exhibits Races,' 'El Toro Bumper,' 'Chico Derby,' 'Bobs,' and

'Long Beach' machines owned by the plaintiff as aforesaid, so long as the same are not used for gaming or gambling purposes, until final hearing or further order of this Court.'

And for permanent injunction as follows:

"3. That, upon final hearing, said preliminary injunction order be made permanent, and that said H. T. Williams, as Sheriff of Brevard County, State of Florida, and his successors in office, deputies, servants, assistants, agents, and/or employees, be permanently enjoined as aforesaid."

On hearing had the Circuit Court denied the restraining order.

From this order appeal was taken to this Court and a Constitutional writ was issued to protect the property involved during the pendency of the appeal. Because of the public interest involved, the case was advanced on the docket; oral argument was had and we now propose to dispose of the appeal on its merits.

Section 1 of Chapter 18143, *supra*, provides as follows:

"Section 1. It shall be unlawful:

"(a) To manufacture, own, store, keep, possess, sell, rent, lease, let on shares, lend or give away, transport, or expose for sale or lease, or to offer to sell, rent, lease, let on shares, lend or give away, or permit the operation of, or for any person to permit to be placed, maintained, or used or kept in any room, space or building owned, leased or occupied by him or under his management or control, any slot machine or device or any part thereof as hereinafter defined; or

"(b) To make or to permit to be made with any person any agreement with reference to any slot machine or device, as hereinafter defined, pursuant to which the user thereof, as a result of any element of chance or other outcome unpredictable to him, may become entitled to receive

any money, credit, allowance or thing of value or additional chance or right to use such machine or device, or to receive any check, slug, token or memorandum entitling the holder to receive any money, credit, allowance or thing of value."

Section 2 defines what shall be held to be a slot machine or device within the provisions of the Act, as follows:

"Section 2. Any machine or device is a slot machine or device within the provisions of this Act if it is one that is adapted, for use in such a way that, as a result of the insertion of any piece of money or coin or other object such machine or device is caused to operate or may be operated, and by reason of any element of chance or of other outcome of such operation unpredictable by him, the user may receive or become entitled to receive any piece of money, credit, allowance or thing of value, or any check, slug, token or memorandum, whether of value or otherwise which may be exchanged for any money, credit, allowance or thing of value, or which may be given in trade, or the user may secure additional chances or rights to use such machine, apparatus or device, even though it may, in addition to any element of chance or unpredictable outcome of such operation, also sell, deliver or present some merchandise, indication of weight, entertainment or other thing of value."

"Section 3 provides penalties for violation of the Act.

"Section 4 provides as follows:

"Section 4. Upon the arrest of any person charged with the violation of any of the provisions of this Act, it shall be the duty of the arresting officer to take into his custody any such machine, apparatus or device, and their contents, and the sheriff, at the place of seizure shall make a complete and correct list and inventory of all such things so taken into his custody, and deliver to the person from

whom such article or articles may have been seized, a true copy of the list of all such articles: Upon making such a seizure the sheriff shall, forthwith and without delay, deliver each and every item of the things taken into his custody to the Clerk of the Circuit Court of the County in which such a seizure is made, and upon delivery, deliver therewith to said Clerk the original list and inventory so made by said sheriff at the time and place of such seizure; and upon making such delivery the said Clerk shall verify said list and inventory and mark each item for identification and make a complete and correct list and inventory of the things delivered to him by the Sheriff, in duplicate, duly certified by him officially, and deliver one copy thereof to the sheriff, and deposit one copy in proper safety files in his office. The said Clerk of the Circuit Court shall keep and preserve all things so delivered to him and have the same forthcoming at any investigation, prosecution or other proceedings, incident to charges of violation of any of the provisions of this Act."

Section 5 provides for disposition of the machines upon conviction.

Section 6 is as follows:

"Section 6. The right of property in and to any machine, apparatus or device as defined in Section 2 of this Act and to all moneys and other things of value therein, is hereby declared not to exist in any person, association of persons or corporations, and the same shall be forfeited and such money or other things of value shall be forfeited to the County in which the seizure was made and shall be delivered forthwith to the Clerk of the Circuit Court and shall by him be placed in the fine and forfeiture fund of said County."

Section 7 provides as follows:

"Section 7. Any room, house, building, boat, vehicle, structure or place wherein any machine or device, or any part thereof, the possession, operation or use of which is prohibited by this Act, shall be maintained or operated, and each of such machines or devices is hereby declared to be a common nuisance. If a person has knowledge, or reason to believe, that his room, house, building, boat, vehicle, structure or place is occupied or used in violation of the provisions of the Act and by acquiescence or consent suffers the same to be used, such room, house, building, boat, vehicle, structure or place shall be subject to a lien for and may be sold to pay all fines or costs assessed against the person guilty of such nuisance, for such violation, and it shall be the duty of the several State Attorneys to enforce such lien in the Courts of this State having jurisdiction."

Section 8 provides that suits to enjoin the nuisance referred to in the Act may be maintained in the courts of equity.

Section 9 provides for fees.

It will be noted that the only authority found in the Act for seizing slot machines or devices condemned by the Act is that provided in Section 4 and that section provides for the seizure of such machines only upon the arrest of any person charged with the violation of the provisions of the Act.

And Section 5 authorizes the destruction of such machines only upon order of court after conviction of the person arrested.

Paragraph (a) of Section 1 of the Act provides that it shall be unlawful to manufacture, own, store or keep, etc., any machine defined in Section 2 of the Act.

Section 2 of the Act declares that a slot machine or device within the provision of the Act is one that is adapted

for use in such a way that as a *result* of the insertion of any piece of money or other object, such machine or device is caused to operate or may be operated and by reason of any element of chance or of other outcome of said operation unpredictable by him the user may receive, or become entitled to receive, any piece of money, credit, allowance or thing of value, or any check, slug, token, or memorandum, whether of value or otherwise, which may be exchanged for any money, credit, allowance or thing of value, or which may be given in trade, or the user may secure additional chances or rights to use such machine, apparatus or device even though it may in addition to any element of chance or unpredictable outcome of such operation, also sell, trade or present some merchandise, indication of weight, entertainment or other thing of value. It is quite apparent that the granting of a restraining order such as was prayed would have been error because there is no allegation in the bill of complaint sufficient to show that it was the purpose and intent of the sheriff to seize any machine referred to in the bill of complaint, except in the exercise of his authority under the provisions of Chapter 18143, *supra*.

The bill of complaint prayed that the Court grant to the plaintiff "a temporary restraining order enjoining and restraining said H. T. Williams as sheriff of Brevard County, Florida, and his successors in office, their deputies, servants, agents, assistants or employees from seizing, confiscating, molesting or in any manner interfering with or preventing, directly or indirectly, the operation of the 'Pace's Races,' 'Keeny's Track Time,' 'Exhibits Races,' 'El Toro Bumper,' 'Cico Derby,' 'Bobs' and 'Long-Beach' Machines owned by the plaintiff as aforesaid, so long as the same were not used for gaming or gambling purposes."

Our construction of Chapter 18143, *supra,* is that it is not essential that the machines described in that Act be used

for gambling or gambling purposes to bring them within the purview of the Act. If the machines are used for gaming or gambling purposes those who so use them violate the provisions of paragraph (b) of Section 1 of the Act.

The bill of complaint avers: that the complainant owns the machines referred to in the bill of complaint and that he possessed them for the purpose of operating them in the State of Florida. If the machines are such as come within the purview of Section 2 of the Act, then the allegations of the bill of complaint are sufficient to show that the complainant is violating Section 1 of the Act. So the only question left for determination is whether or not the machines described in the bill of complaint are shown by the allegations of the bill to come within the purview of the Act or whether or not they are shown by the allegations of the bill not to be within the purview of Section 2 of the Act.

The complainant has described each type of machine referred to in his bill of complaint. According to the descriptions given in the bill of complaint, each type of machine is operated by depositing a coin in a slide constituting a part of the mechanism of the machine, which coin, being so deposited or inserted, causes the machine or device to operate or places its mechanism in position to be operated by the player. This meets the first element necessary to be present in a machine to bring it within the purview of Section 2 of the Act.

It is further shown that as to each type of machine by reason of the element of chance the outcome of the operation is unpredictable by the operator. This meets the second element necessary to be present in the machine to bring it within the purview of Section 2 of the Act.

It is further shown that by the operation of the machine as to some types a mechanical horse, being one of a number

of horses arranged in the mechanism of the machine, beats the others across the board and wins the race; and in other types of machine a marble or ball is shot, which will fall or come to rest at some point on the face of the machine and that different points on the face of the machine where balls or marbles may fall and lodge indicate a score which the player makes by reason of the ball so falling or lodging on such point.

Now, if the machine is *adapted* for use in such a way that by reason of the result of the operation as hereinbefore mentioned involving the element of chance and an unpredictable result, the user may become entitled to receive any money, thing of value or other things mentioned in the section, then the machine falls within the purview of Section 2 of the Act. The meaning of the word "adapted" is important. Webster's New International Dictionary defines "adapt" to mean "to make suitable; to fit or suit; to adjust; to alter so as to fit for a new use; to render fit by changing, to meet the demands of a new environment."

So, if we trespass the statute eliminating the word "adapt" and insert "to render fit" the language used would be, "Any machine or device is a slot machine or device within the provisions of this Act if it is one that is fit or *rendered fit* for use in such a way that as a result of the insertion of any piece of money, or coin or other object, such machine or device is caused to operate or may be operated" etc. It appears to us that there can be no serious question but that the machines described are by the operation thereof rendered fit for the determination by the element of chance and unpredictable result to entitle the player to receive a pay-off or wager and that, therefore, the third element exists in the machine which brings it within the purview of the statute and makes it obnoxious to paragraph (a) of Section 1 of the statute. So operating the machine would bring

the operation within purview of paragraph (b) of Section 1 of the statute and would bring those participating in such operation within the purview of that paragraph of Section 1.

The constitutionality of the Act is not questioned.

We deem it unnecessary to discuss the question as to whether or not equity jurisdiction may be invoked to restrain enforcement of criminal statutes because such question is really not presented in this record.

Neither shall we discuss the question of whether or not a lawful seizure of the machines described may be made by the Sheriff. It has been heretofore pointed out in this opinion that seizure is only authorized under Chapter 18143, *supra,* as an incident to the arrest for the violation of either paragraph of Section 1 of the Act.

Whether or not such machines or devices may be seized under the provisions of some other statute authorizing the seizure of gambling paraphernalia, or gambling devices, we do not here determine.

To follow the procedure as to seizure provided in Chapter 18143, *supra,* can work no hardship on law enforcement officers because the bare possession of such a machine or device or the permitting of such machine or device to be placed, kept or used in any room, space or building constitutes a violation of the statute and under the provisions of Section 6029 R. G. S., 8323 C. G. L., those who violate the provisions of Chapter 18143 in the presence of any sheriff, deputy sheriff, or other police officer, may be arrested by such officer without warrant. When such arrest is made the machine may be then and there seized under the provisions of the Act.

It follows that the order appealed from must be and is hereby affirmed.

So ordered.

WHITFIELD, BROWN and CHAPMAN, J. J., concur.