GAIL S. Moss, Petitioner, v. HARDY GRAVES, as Constable
of the Third Justice of the Peace District of Hillsborough
County, Respondent.

200 So. 68

Division A

Opinion Filed January 31, 1941

*Whitaker Brothers*, for Petitioner;

*J. Tom Watson*, Attorney General, and *Nathan Cockrell*,
Assistant Attorney General, for Respondent.

ADAMS, J.—This case is properly in this Court on original
jurisdiction by Habeas Corpus.

The only question is the legal sufficiency of a warrant
charging: "on the 20th day of January, A. D. 1941, in
the county aforesaid one Gail S. Moss did have in his pos-

session a certain apparatus for the sale and disposal of mints; any person depositing a nickel in said machine would in return receive a nickel package of mints; said machine has the appearance of and looks like a slot machine and operates with a lever on the side and therefore, is in violation of Chapter 18,143 of the Acts of 1937."

The pertinent part of Chapter 18,143, Acts of 1937, reads as follows:

"Any machine or device is a slot machine or device within the provisions of this Act if it is one that is adapted for use in such a way that, as a result of the insertion of any piece of money or coin or other object such machine or device is caused to operate or may be operated, and by reason of any element of chance or of other outcome of such operation unpredictable by him, the user may receive or become entitled to receive any piece of money, credit, allowance or thing of value, or any check, slug, token or memorandum, whether of value or otherwise, which may be exchanged for any money, credit, allowance or thing of value, or which may be given in trade, or the user may secure additional chances or rights to use such machine, apparatus or device, even though it may, in addition to any element of chance or unpredictable outcome of such operation, also sell, deliver or present some merchandise, indication of weight, entertainment or other thing of value."

This Court has construed this law heretofore in Weathers v. Williams, 133 Fla. 376; 182 So. 764; and in Eccles v. Stone, 134 Fla. 113; 183 So. 628.

The obvious purpose of the Act is to prohibit all machines of every kind which might be operated for a thing of value involving the element of chance.

In this case the machine has many resemblences to a common slot machine. The record before us reveals that this machine is a licensed automatic mint vending machine

under Chapter 18011, Acts of 1937. There is no element of chance for anything of value involved in its operation, under Chapter 18,143, Laws of 1937.

It is the order therefore that the warrant is insufficient and the petitioner is hereby discharged.

Brown, C. J., Whitfield and Buford, J. J., concur.