53 So.2d 873 (1951)
DEEB
v.
STOUTAMIRE et al.
Supreme Court of Florida, en Banc.
June 8, 1951.
Rehearing Denied July 10, 1951.
*874 Turnbull & Pepper, Tallahassee, for appellant.
Meginniss, Thompson & Morrison, B.A. Meginniss and Roy T. Rhodes, Tallahassee, Richard W. Ervin, Atty. Gen., and Fred M. Burns and Reeves Bowen, Asst. Attys. Gen., for appellees.
THOMAS, Justice.
This appeal was taken when the chancellor declined to enjoin the sheriff from interfering with the appellant's use and possession of a machine called a Bally Speed Bowler. It is a miniature bowling alley about eight feet in length and eighteen inches in width. At one end is a case in which ten flat plates the shape of the pins used in a regular bowling alley are nested horizontally. When a player inserts a coin in the slot, the tenpins drop down and are suspended an inch or so above the alley, each pin immediately above two metal springs imbedded in the alley. At the time the pins drop into view the player is also provided with two metal pucks. He slides a puck toward the pins, and if it comes in contact with two or more of the springs, the corresponding pins, by electric impulse, fly back to the original horizontal position. For the money paid, the player has the privilege of using two pucks for each of ten frames, and of sliding one or two extra discs accordingly as he may score a spare or a strike in the last, or tenth, frame. All scoring is automatic and is the same as in a conventional bowling game.
The machine pays the player nothing whatever in merchandise, money, or tokens, the only return for his investment being amusement, and the only reward for his skill being an extra game free if he makes a score of 160 or higher. Nothing whatever is done by the machine except the registering of the score and, we think, the amount of the score depends entirely on the skill of the player.
The law denouncing slot machines defines them as devices so adapted that "as a result of the insertion" of a coin they are "caused to operate or may be operated, and by reason of any element of chance or of other outcome of such operation unpredictable by him, the user may receive or become entitled to receive any * * * thing of value" or anything which may be exchanged for something of value, such as money or merchandise, "or the user may secure additional * * * rights" to play, "even though [the machine] may, in addition to any element of chance or unpredictable outcome" deliver merchandise or entertainment. 849.16, Florida Statutes 1941, and F.S.A.
We have italicized the characteristics which we think differentiate an innocent machine, vending amusement or entertainment, from a guilty one affording a means of gambling.
These features also were uppermost in the mind of the chancellor. After reciting that the contraption now involved was constructed "as nearly as practicable to make it conform to the mechanics of conventional bowling and to render it a game of skill alone," he, nonetheless, felt that its use was prohibited by the statute because of an element of chance or other outcome unpredictable by the player. Although he decided the game was primarily one of skill, he thought there were some elements of mechanical chance, such as a spot of moisture or roughness on the alley or a bit of rust on the puck.
In the last analysis, we must decide the nature of the result which is unpredictable by the player. Certainly the outcome of any game at all dependent upon the exercise of human skill is essentially unpredictable. If this were not so, match games like golf and trap shooting would really be dreary, monotonous affairs.
It seems to us that inasmuch as the machine itself is on trial, so to speak, it should not be condemned unless this element of unpredictability is inherent in it. True, the player when he "activates" the device by inserting his coin cannot predict what score he will make; but from the standpoint of the machine there is no occasion even to predict that there will *875 be an accurate registration of his control of the pucks as the player slides them expertly or inexpertly toward the springs forming contact with the scoreboard. Such is a certainty.
It is our thought that the element of unpredictability is not supplied because a player may not be sure what score he can accomplish, but that it must be inherent in the machine. Parenthetically, if he could be sure, why would he play? The effort would not compensate him in physical or mental exercise. And we do not consider that a spot of rust on the puck or an uneven place on the alley would remove the device from a standing of respectability and legality to one of one-armed-banditry. Such theoretical defects in one machine should not condemn the design of all.
We all know full well the vicious devices the cited statute was calculated to destroy, but we know also that a too drastic and intolerant interpretation of an act of this kind may well result in undermining its true and lofty purpose.
We conclude that in the process from the insertion of a coin until the last puck has been slid down the alley, the score totaled has not depended on chance or other result unpredictable by the player, except such chance or unpredictability as is traceable to his own skill, which we interpret the law not to mean, as distinguished from the chance or unpredictability of the mechanism, which we construe the law to proscribe.
Reversed.
SEBRING, C.J., HOBSON, J., and PARKS, Associate Justice, concur.
TERRELL, CHAPMAN and ADAMS, JJ., dissent.
ADAMS, Justice (dissenting).
The granting of an injunction is a discretionary matter and to extend it against the sheriff while attempting to enforce the criminal law is a very harsh proceeding. The chancellor declined to do so. I doubt that an equity court should intervene in this fashion. The criminal court is a proper forum to litigate the question posed.
Passing then to the question it seems to me the plaintiff is estopped to say nothing of value is won because it is only a free game of amusement, whereas in the first instance plaintiff received value for the right to seek the free game. Reduced to simplicity the machine is a mechanical bowling alley. It is so designed and operated to induce players to continue in the hope that they may chance to win. If a conventional type of bowling alley should be operated with such a chance on main street I doubt that any chancellor would enjoin it but would leave him to his perilous fate in the criminal court in which forum I think this plaintiff should appeal.
TERRELL, and CHAPMAN, JJ., concur.