696 So.2d 851 (1997)
STATE of Florida, DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, DIVISION OF ALCHOLIC BEVERAGES AND TOBACCO, Appellant,
v.
BROWARD VENDING, INC., a corporation doing business as Gulfstream Vending, Appellee.
No. 96-1405.
District Court of Appeal of Florida, Fourth District.
April 16, 1997.
Rehearing, Clarification, Certification of Question, and Rehearing Denied July 9, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Charles M. Fahlbusch, Assistant Attorney General, Hollywood, for appellant.
Kevin F. Jursinski of Kevin F. Jursinski, P.A., Fort Myers, for appellee.
Rehearing, Clarification, Certification of Question, and Rehearing En Banc Denied July 9, 1997.

ON MOTION FOR REHEARING
PER CURIAM.
We withdraw our previously issued opinion and substitute the following in its place.
The state appeals the order of the trial court enjoining the Department of Business & Professional Regulation, Division of Alcoholic Beverages & Tobacco from seizing machines which the Department claimed were coin-operated gambling devices, possession of which is a violation of section 849.15, Florida Statutes (1995). Because the trial court found that skill was a significant factor in operating and winning on the machines in question, it concluded that they did not violate the statute. We must disagree and reverse.
Section 849.15 prohibits the leasing, renting or selling of certain slot machines or other devices, "pursuant to which the user thereof, as a result of any element of chance or other outcome unpredictable to him, may become entitled to receive any money, credit, allowance, or thing of value or additional chance or right to use such machine or device...." § 849.15(2) (emphasis supplied). In the instant case, the machines in question were programmed to award credits toward additional playing time to the player successful in manipulating the machine so as to win at the game, the record description of which sounds very much like a typical slot machine requiring the player to match up bars, fruit, bells or cherries in a row in order to win more points.
The state contends that the court erred in determining that the machines did not violate the statute because a significant degree of skill was required. Instead, it claims that the trial court had to find that there was no element of chance inherent in the machine itself in order to declare that the machines did not violate the statute. See Hernandez v. Graves, 148 Fla. 247, 4 So.2d 113 (1941).
*852 In Deeb v. Stoutamire, 53 So.2d 873 (Fla. 1951), the court considered the meaning of the phrase "any element of chance or of other outcome of such operation unpredictable by him" in the case of a mechanical bowling machine. The trial judge had decided that the game was primarily one of skill, but he thought there was some element of mechanical chance which might be caused by rust on the pucks, a spot of moisture on the bowling surface or similar imperfections in the game. The supreme court determined that this was not the type of chance to which the statute referred and stated:
In the last analysis, we must decide the nature of the result which is unpredictable by the player. Certainly the outcome of any game at all dependent upon the exercise of human skill is essentially unpredictable. If this were not so, match games like golf and trap shooting would really be dreary, monotonous affairs.
It seems to us that inasmuch as the machine itself is on trial, so to speak, it should not be condemned unless this element of unpredictability is inherent in it. True, the player when he "activates" the device by inserting his coin cannot predict what score he will make; but from the standpoint of the machine there is no occasion even to predict that there will be an accurate registration of his control of the pucks as the player slides them expertly or inexpertly toward the springs forming contact with the scoreboard. Such is a certainty.
It is our thought that the element of unpredictability is not supplied because a player may not be sure what score he can accomplish, but that it must be inherent in the machine....
....
We conclude that in the process from the insertion of a coin until the last puck has been slid down the alley, the score totaled has not depended on chance or other result unpredictable by the player, except such chance or unpredictability as is traceable to his own skill, which we interpret the law not to mean, as distinguished from the chance or unpredictability of the mechanism, which we construe the law to proscribe.
Id. at 874-75.
In the instant case, the owner of the machine admitted that chance is an element of the game. Indeed, if a player does not manipulate the levers to improve the score, the machine is preset for the player to win 55% of the time, although that percentage could be modified by an adjustment of the machine. While skill will significantly improve the player's winning percentage, it does not eliminate the element of chance in the machine itself. The machine is not like the bowling machine, which requires solely the skill of the player to slide the puck and knock down the pins, the machine merely tabulating the score. Here, the game is set to play itself and to record a certain win/loss ratio. Thus, the element of chance is inherent in the game.
The rationale of Deeb requires a reversal of the order of the trial court.
WARNER, KLEIN and SHAHOOD, JJ., concur.