Mr. John Kopelousos General Counsel Sheriff of Clay County 1279 Kingsley Avenue Suite 118 Orange Park, Florida 32073
Dear Mr. Kopelousos:
On behalf of the Sheriff of Clay County, you have asked for my opinion on substantially the following questions:
1. Whether a machine used to dispense long distance telephone cards and sweepstakes tickets is a machine or device within the scope of section 849.16, Florida Statutes.
2. Whether the promotional sweepstakes included on the long distance telephone card constitutes a lottery within the scope of section 849.09, Florida Statutes.
3. Whether the opportunity to participate by mail in the promotional sweepstakes constitutes a game promotion in connection with the sale of a consumer product for the award of a prize by chance as defined in section 849.094, Florida Statutes.
In sum:
1. A machine from which a long distance telephone card may be purchased along with a sweepstakes ticket that may entitle the recipient to a money prize is a machine or device within the scope of section 849.16, Florida Statutes.
2. The purchase of a telephone calling card with an attendant ticket for a sweepstakes attached that awards prizes by chance constitutes a lottery pursuant to section 849.09, Florida Statutes.
3. The sweepstakes you have described is not a "game promotion" authorized under the terms of section 849.094, Florida Statutes, and participation in this enterprise is a violation of Florida's gambling laws.
According to your letter, a Texas corporation has advised the Sheriff of Clay County of its intention to install telephone card dispensing machines in retail locations in Clay County. A special vending machine dispenses a card that provides the purchaser with two minutes of domestic calling time and affixes the sweepstakes ticket. The cost of the card is one dollar.
The machine makes use of a technology known as a finite cartridge, which contains 15,000 preshuffled cards, each with its unique personal identification number and winning or losing sweepstakes ticket. When these 15,000 cards are sold the sweepstakes has ended. The machine cannot generate new personal identification numbers or sweepstakes tickets. The cartridge is installed within the device and prints the card when the purchaser inserts currency into the device. The dispensing of a card is designed to prevent theft or manipulation or rigging of the sweepstakes. The number of winners is programmed into the cartridge and the odds of winning based on that programming are disclosed in the rules.
The sweepstakes allows the purchaser to instantly determine if he or she has won a cash prize by reading a grid of nine numbers or symbols. If the card features three identical numbers or symbols in a row or all nine numbers or symbols are the same, the purchaser may redeem the ticket for a prize ranging in value from one dollar to seven hundred and fifty dollars. The award of the prize is subject to verification by the Texas corporation.
A player may also win a prize by mailing in a request form. The request requires no purchase. The person desiring to participate in the sweepstakes would send a self-addressed stamped envelope, along with certain other required information printed on the entry blank, to the address contained in the official rules. The only cost to enter is the cost of mailing.
Questions One and Two
As resolution of these questions involves related issues, they are discussed together.
Pursuant to section 849.15, Florida Statutes, as amended,[1] it is unlawful to possess or permit the operation of any machine or device that satisfies the description provided in section 849.16. Section 849.16, Florida Statutes, as amended,[2] describes the prohibited machines or devices in the following terms:
"(1) Any machine or device is a slot machine or device within the provisions of this chapter if it is one that is adapted for use in such a way that, as a result of the insertion of any piece of money, coin, or other object, such machine or device is caused to operate or may be operated and if the user, by reason of any element of chance or of any other outcome of such operation unpredictable by him or her may:
(a) Receive or become entitled to receive any piece of money, credit, allowance, or thing of value, or any check, slug, token, or memorandum, whether of value or otherwise, which may be exchanged for any money, credit, allowance, or thing of value or which may be given in trade; or
(b) Secure additional chances or rights to use such machine, apparatus, or device, even though it may, in addition to any element of chance or unpredictable outcome of such operation, also sell, deliver, or present some merchandise, indication of weight, entertainment, or other thing of value."
Thus, if the receipt of a prize is dependent on any element of chance, the device would fall within the definition of a machine proscribed by section 849.15, Florida Statutes.
While the vending machine you have described does produce a telephone calling card with a time limit of two minutes, the Florida Supreme Court and this office have previously determined that the incidental delivery of merchandise will not remove a machine from the proscriptions of section 849.15.[3] As the Court stated in Deeb v. Stoutamire:
"The law denouncing slot machines defines them as devices so adapted that `as a result of the insertion' of a coin they are `caused to operate or may be operated, and by reason of any element of chance or of other outcome of such operation unpredictable by him, the user may receive or become entitled to receive any . . . thing of value' or anything which may be exchanged for something of value, such as money or merchandise, `or the user may secure additional . . . rights' to play, 'eventhough [the machine] may, in addition to any element of chance orunpredictable outcome' deliver merchandise or entertainment."[4]
(e.s.)
It appears that the principal function of the device you have described is gambling, that is, the user inserts money and the machine operates to provide the user with a sweepstakes ticket that, by reason of chance, may entitle the recipient to a money prize. The incidental receipt of merchandise, in this case a telephone card, will not provide justification or authorization for the ownership, sale, or possession of a machine or device described in section 849.16, Florida Statutes.
Moreover, section 849.09, Florida Statutes, generally prohibits a person in this state from setting up or conducting a lottery, defined by the courts of this state as involving three elements: 1) a prize, 2) awarded by chance, 3) for consideration.[5] As discussed above, the purchase of a card from a vending machine with an attached sweepstakes ticket that may, purely by chance, entitle the recipient to a prize would appear to satisfy all three elements of a lottery as prohibited by the statute.
Therefore, it is my opinion that a machine or device comes within the scope of section 849.16, Florida Statutes, if that machine dispenses a telephone card and a sweepstakes ticket that may, dependent on the element of chance, entitle the recipient to a prize. Further, the purchase of a card with an attendant ticket for a sweepstakes attached which awards prizes by chance constitutes a lottery pursuant to section 849.09, Florida Statutes.
Question Three
Section 849.094(1)(a), Florida Statutes, relating to game promotions in connection with the sale of consumer products or services defines a "[g]ame promotion" as:
"[A] contest, game of chance, or gift enterprise, conducted within or throughout the state and other states in connection with the sale of consumer products or services, and in which the elements of chance and prize are present. However, `game promotion' shall not be construed to apply to bingo games conducted pursuant to s.849.0931."
As discussed above, the machine or device that is the subject of your inquiry is a gambling device within the scope of section849.16, Florida Statutes. Moreover, the sweepstakes involved is a lottery. Both of these enterprises are illegal in the State of Florida.[6]
Section 849.09(1)(g), Florida Statutes, makes it illegal for any person in this state to
"[s]ell, offer for sale, or transmit, in person or by mail or in any other manner whatsoever, any lottery ticket, coupon, or share, or any share in or fractional part of any lottery ticket, coupon, or share, whether such ticket, coupon, or share represents an interest in a live lottery not yet played or whether it represents, or has represented, an interest in a lottery that has already been played[.]"
Further, no person in this state may, without violating the criminal laws of Florida,
"[h]ave in his possession any lottery ticket, or any evidence of any share or right in any lottery ticket, or in any lottery scheme or device, whether such ticket or evidence of share or right represents an interest in a live lottery not yet played or whether it represents, or has represented, an interest in a lottery that has already been played[.]"[7]
As discussed above, the sweepstakes you have described constitutes a lottery. Therefore, the possession of these tickets or the transmission of these tickets by mail or otherwise would violate Florida law.
The gambling activities you have described may not be disguised as a "game promotion" under the terms of section 849.094, Florida Statutes, in order to avoid the criminal sanctions attendant to the violation of Florida's gambling laws.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] The statute was amended by section 1367, Chapter 97-102, Laws of Florida, to make its provisions gender neutral.
[2] The statute was amended by section 1368, Chapter 97-102, Laws of Florida, to make its provisions gender neutral.
[3] Cf., Deeb v. Stoutamire, 53 So.2d 873, 874 (Fla. 1951); and Op. Atty. Gen. Fla. 89-05 (1989), in which this office determined that a coin operated "crane game" qualifies as a slot machine or device within the meaning of Ch. 849, Fla. Stat.
[4] 53 So.2d at 874 (Fla. 1951). The statutory definition of a slot machine has been amended since the Deeb decision was published but these amendments do not appear to have affected the operative language of the Court's holding. See, Chs. 67-203, 77-275, and 84-247, Laws of Florida.
[5] See, e.g., Little River Theatre Corporation v. State ex rel.Hodge, 185 So. 855 (Fla. 1939).
[6] See, ss. 849.09(2)-(4), Fla. Stat., setting the criminal penalties for violation of the statute prohibiting lotteries, and s. 849.23, Fla. Stat., describing the penalty for violations of ss. 849.15-849.22.
[7] Section 849.09(1)(h), Fla. Stat.