PATTERSON, Chief Judge.
The appellants challenge a nonfinal order finding probable cause for the sheriffs seizure of the appellants’ video redemption and video poker machines. See Fla. R.App. P. 9.130(a)(3)(C)(ii) (permitting review of nonfinal orders that determine “the right to immediate possession of property”). We affirm the order with respect to the video redemption machines but reverse the order with respect to the video poker machines.
At issue is whether the machines operated “by reason of any element of chance” so as tp fall within the definition of a slot machine in section 849.16, Florida Statutes (2000). This case does not involve the clear and convincing evidence standard set forth in Department of Law Enforcement v. Real Property, 588 So.2d 957, 967 (Fla.1991), which is necessary to prove a prima facie case in a forfeiture proceeding. Rather, the probable cause standard applies to this seizure of property and only requires a showing of a “sufficient probability to warrant a reasonable belief” that the property was used in violation of the Florida Contraband Forfeiture Act. In re forfeiture of $171,900 in U.S. Currency, 711 So.2d 1269, 1274 n. 8 (Fla. 3d DCA 1998) (emphasis in original). Based on the standard required for a probable cause finding, we affirm the trial court’s order finding probable cause to seize the forty-seven Florida Skill video redemption machines.
With respect to the Florida Skill video redemption machines, the State’s expert witness, Detective Beery, testified that the machine “has an inherent element of chance.” On cross-examination, one of the appellants, Robert Nebb, testified that the video redemption machines operate according to a skill level. However, Nebb admitted, “There’s a chance you would win, just in proportion to the natural odds of how many icons there are. If it has to stop in one of 26 places, the odds are 26 to one if you’re hitting it with no application of skill.” No testimony was presented regarding whether there was an inherent element of chance with respect to the twenty-two Hypershow video poker machines.
In Department of Business & Professional Regulation, Division of Alcoholic Beverages & Tobacco v. Broward Vending, Inc., 696 So.2d 851 (Fla. 4th DCA 1997), which the appellants rely on, the court reversed an order enjoining the seizure of coin-operated gambling devices. The court stated, “While skill will significantly improve the player’s winning percentage, it does not eliminate the element of chance in the machine itself.” Id. at 852. The Broward Vending court recognized that the machine was “set to play itself and to record a certain win/loss ratio.” Id. Contrary to the appellants’ argument, however, nothing in Broward Vending would require that particular proof for a probable cause determination.
Here, the testimony provided a sufficient probability to warrant a reasonable belief that there was an element of chance inherent in the Florida Skill machines. We affirm the trial court’s order as to the finding of probable cause as to the forty-seven Florida Skill video redemption machines and reverse the probable cause finding as to the twenty-two Hypershow video poker machines.
Affirmed in part, reversed in part, and remanded.
GREEN and SILBERMAN, JJ., Concur.