**REIS v. CITY OF CLERMONT, et al.**
No. 4985.
Circuit Court, Lake County.
May 20, 1970.

David Gluckman of Bornstein, Petree & Gluckman, Orlando, for the plaintiff.

Richard H. Langley, Clermont, for the defendants.

W. TROY HALL, Jr., Circuit Judge.

Plaintiff filed suit against defendants for an injunction and declaratory decree (judgment) to prevent the defendant city of Clermont from assessing the cost of installation of a sanitary sewage system in the city against his "grove property".

Defendants answered, admitting the assessment, refusal to modify it, and setting up the defense that the assessment made is equal to or less than the special benefit accrued to plaintiff's property.

Motion for judgment on the pleadings was filed by the defendants. That motion was disposed of by stipulation of the parties at the trial.

The case was set for trial by the parties and trial was had on the issues made by the pleadings.

This cause came on for final hearing on the 17th day of February, 1970; at which time this court heard the testimony and reviewed the documented evidence submitted by counsel for the parties. The attorneys waived oral argument and agreed to submit briefs in support of their positions in accordance with a schedule set out in an order dated February 20, 1970.

All briefs have been submitted, and the court is constrained to express appreciation to Mr. Gluckman and Mr. Langley for their extensive research and able presentation of authorities which proved to be most helpful to the court in arriving at its decision in this complicated case. The court has reviewed the evidence and arguments contained in the briefs and has read all cases and other authorities cited by counsel in support of their positions, as well as other cases and authorities thought, by the court, to be appropriate in this case.

Based upon a review of the file in this case, the evidence and law presented, the court finds — (1) the court has jurisdiction over the parties and the subject matter of this suit; (2) the plaintiff is Gus Reis, of Orlando, Orange County, Florida; and (3) the defendants are the City of Clermont, a municipal corporation; and Don E. Smith, Ray Cochran, R. E. Oswalt, Jay Vandermeer and Sam P. Bratton, city councilmen, all of Clermont, Florida.

### Plaintiff's theory of case

The plaintiff's theory of the case is that the assessment as made by the defendants against his property is in excess of the special

benefits, if any, to the property assessed and that such assessment is illegal and unconstitutional, and deprives him of equal protection and is a taking of his property without due process of law. In support of his theory he cites §§ 170.08 and 184.05(9) Florida Statutes; article 1, §2 and article 1, §9 of the Florida Constitution; §1 of the 14th amendment to the U. S. Constitution; and the following authorities — Klemm v. Davenport, 129 So. 904; Fisher v. Board of County Commissioners, Dade County, 84 So.2d 572 (1956); 48 Am. Jur., *Special and Local Assessments*, §4, 29A; Fla. Jur., *Special Assessments*, §4; Myles Salt Co. v. St. Mary Drainage District, 239 U.S. 478, 60 L.Ed. 392; City of Treasure Island v. Strong, 215 So.2d 473; Meyer v. City of Oakland Park, 219 So.2d 417; Atlantic Coastline Railroad Company v. City of Lakeland, 115 So. 669; Klein v. City of New Smyrna Beach, (1963) 152 So.2d 466; City of Tallahassee v. Baker, 53 So.2d 875; Raskin v. City of Miami Beach, 38 So.2d 836.

### Defendants' theory of case

Defendants' theory of the case is that —

The special benefit to the property in question has been decided by the appropriate legislative body, and in fact, the special benefits are greater than the special assessment.

That the burden of proving that the special benefits are not as great as the cost thereof is on the plaintiff, and,

There is a strong presumption in favor of the city (legislative body) that the determination by it as to the special benefits is correct.

As authority for their contentions, defendants cite — Summerland, Inc. v. City of Punta Gorda, 135 So. 611; Ocean Beach Hotel Co. v. Town of Atlantic Beach, 2 So.2d, 879; Rosche v. City of Hollywood, 55 So.2d, 909; Klein v. City of New Smyrna Beach, 152 So.2d, 466; and Meyer v. City of Oakland Park, 219 So.2d, 417.

### Summary of evidence and arguments of counsel

Evidence was submitted in the form of admitted pleadings, documents, pictures, maps, affidavits, and oral testimony. All evidence was directed toward the issue of whether or not the special assessment made by the defendants against the property of the plaintiff, was, in fact, in excess of benefits to that property.

Plaintiff's counsel argued that the evidence showed that the assessment (in the amount of $4,080) was in substantial excess of the special benefits accruing and thereby constituted, to the extent

of the excess, a taking of private property for public use, without just compensation.

Defendants' counsel argued that the defendants made a legislative determination that the special benefit to plaintiff's property, "along with all other assessed property", exceeded the special assessment levied against it. That this finding by the defendants created a presumption of correctness which was not overcome by *strong, clear* and *positive proof* on behalf of the plaintiff.

### Findings of fact

Based upon the admitted pleadings, documents, photographs, maps, affidavits, stipulations, testimony, etc. submitted into evidence in this case the court makes the following findings of fact, pertinent to the issue in the case —

The plaintiff is the owner of real property in Lake County, to wit —

> Tracts 49A, 49B, 50, 50A, 63 east of right of way of U. S. Highway 27, and 64, all being in section 19, township 22 south, range 26 east, being within the corporate limits of the defendant city of Clermont. (Description taken from pleadings of parties.)

That the above described property had assessed against it by the defendant city the sum of $4,080 as its proportionate share for the construction and maintenance of a sanitary sewer system for the city of Clermont.

That said assessment was made against said property based upon its front footage along the U. S. Highway.

That said property had been in the past, is at the present time, and was contemplated to be in the future, used for the growing of citrus products.

The sewer line was to extend between 820 feet to 870 feet of the 1020 feet assessed.

The slope (topographical character) of the plaintiff's land limits its use for residential or commercial lots unless the same is terraced or filled.

The plaintiff timely objected to the special assessment made against his property, and defendants refused to adjust the assessment previously made.

No determination as to specific benefits to plaintiff's property was ever made by the defendants.

No residential or commercial construction had taken place in the near proximity of the plaintiff's property in the past five years — and no evidence was submitted to the court to show that all of this *grove* property would likely benefit by having access to a sewer line, within a reasonable time in the future.

The construction of the sewer line as outlined to the court, in relationship to the plaintiff's property will not benefit all of the property owned by the plaintiff and assessed for such improvement; and in no way will such construction enhance the value of said property in an amount equal to or greater than the amount of the assessment.

### Conclusions of law

The defendant city imposed a special assessment against plaintiff's property in excess of the benefits it will likely receive from the installation of a sewer system in the city.

The value of the benefits to the property, as a result of having access to a central sewer system, as originally determined by the defendants on a lineal foot basis of 1020 feet, should be reduced by the value per lineal foot not directly serviced by the proposed sewer line, and by the extent to which the said sewer line will be used by the general public over and above the use to which a portion of said property may be benefited in the foreseeable future.

The deduction to be made in regards to the above conclusions — and based upon good faith equity of this cause and substantial justice required under the circumstances of this particular case — is 40% of the total sum of the assessment, to which extent the assessment is hereby adjudged to be void.

The plaintiff in this case has followed the administrative and judicial procedures outlined by our legislature in F.S. §184.05(9), 1969; and has not been guilty of any conduct which, in law, would constitute an estoppel against his right to contest the amount of the assessment in question.

### Opinion of court

In an attempt to be of assistance to the public and the bar, this court has, with the help of the able attorneys in this cause, chosen to write an opinion in the hope that such will serve as a helpful guide to all concerned, in the future.

The question before the court was one of fact — whether or not (based upon the evidence submitted), as a matter of law, the special assessment levied against plaintiff's property was in excess of the special benefits, if any, realized or capable of being realized within a reasonable time.

Incidental to the above, certain questions as to presumptions, burden of proof, and authority of this court to abate or reduce the assessment made by the defendants — a legislative body — were raised.

There was no question of legality raised as to the procedures used by the defendants in making the initial assessment, but only as to defendants' failure to abate or to adjust the initial assessment so that the special assessment would not exceed the benefits to the property being assessed. Chapters 170 and 184, F.S. 1969, are applicable to this case.

This court has jurisdiction to revise the findings of said legislative body, the city of Clermont. §184.05(9), F.S. 1969, reads, in part —

> "* * * The council shall not confirm any assessment in excess of the special benefits to the property assessed, and the assessments so confirmed shall be in proportion to the special benefits. * * * The assessments so made shall be final and conclusive as to each lot or parcel assessed *unless proper steps be taken within ten days in a court of competent jurisdiction to secure relief.* If the assessment against any property *shall be sustained or reduced or abated by the court,* the treasurer of the municipality shall note that fact on the assessment roll opposite that description of the property affected thereby. * * *." (Italics added.)

Proper steps were taken by the plaintiff to secure relief from the special assessment made against his property. It is interesting to note that the plaintiff is the only property owner in Clermont who timely objected, and that there is little danger of other litigation on this same question concerning this same special assessment. See §184.05(a), supra.

To sustain a special assessment, the benefit to property assessed for a public improvement must be (1) actual, (2) physical and material, and (3) not merely speculative or conjectural. In order to justify the assessment made, the benefits must be substantial, certain and capable of being realized within a reasonable time. See 29 Fla. Jur., p. 517.

There are two tests used to determine the validity of a special assessment — (1) The improvement must be reasonable and appropriate for a local public purpose; and (2) the assessment must be reasonable in amount and fairly apportioned according to benefits, good faith and substantial justice. In this case, the first step has not been questioned. The evidence in this case shows that the second test was not met.

It is a general rule of law that statutes providing for special assessments are to be strictly construed and strictly applied in favor of the owners of the property assessed and against the assessing authority. See Am. Jur., *Special or Local Assessments* (1st Ed. §4); and Snell Isle Homes, Inc. v. St. Petersburg, 199 So.2d 525 (Fla. 1967).

If specially assessed property is or may be, *enhanced in value* by the improvement *when made,* it should be subject to assessment *in proportion to the benefits it will likely receive from the completed improvement.* The general enhancement in value of the locality, as a whole, may be taken into consideration in making an apportionment of the benefits to the individual properties. See Ocean Beach Hotel Co. v. Town of Atlantic Beach, 2 So.2d 879 (Fla. 1941), and cases cited therein.

The power to determine whether or not the property assessed to pay the costs of local improvements is benefited by such improvement is legislative, not judicial. Id. However, such determination is subject to review by a court with competent jurisdiction and said court may sustain, abate or reduce, said legislative assessment. See §184.05(9), F.S. 1969. Property owners may lose their right to petition the court for relief against a special assessment by failing to properly or timely assert the same in a court having jurisdiction, or by estoppel or waiver. See: City of Treasure Island v. Strong, 215 So.2d 473 (Fla. 1968); Klein v. City of New Smyrna Beach, 152 So.2d 466 (Fla. 1963).

Although it is generally true that it is not absolutely incumbent upon the assessing authority to make a formal determination that each property ownership will be specially benefited by the improvement to be made, when there is no obvious relationship in terms of special benefits between the property sought to be assessed (grove property) and the nature of the improvement project (public sewer system), a specific determination of such benefits is necessary to sustain the assessment and the absence of such a determination may constitute a jurisdictional defect in the assessment proceedings. See City of Treasure Island v. Strong, supra.

Since no question was raised as to the above principle, the defendant city, under its legislative authority, possessed the power to allocate on a fair and reasonable basis, and to prorate the same, *subject,* however, to a timely showing by the plaintiff owner that such assessment was erroneous and unfair for the reason that the assessment against his property was not supported by commensurate special benefits derived from the specific type improvement.

The above right is endowed by the constitutional requirement that an assessment in excess of the special benefits accruing to the

property is a confiscation or taking of property without due process of law. Such right may be lost by waiver, estoppel or laches if not timely asserted.

In the case before the court, the plaintiff, having failed to assert his rights as to procedure followed but having asserted his rights by asking for a review of the assessment made in relationship to the benefits to be received, is, by the evidence submitted to this court, entitled to relief only insofar as the assessment is in excess of the benefits receivable.

This court has found that said assessment is in excess of the benefits to be received in this particular case, and, therefore, as to the excess, such amounts to the taking of property without just compensation and is declared void, as a matter of law. See Summerland v. City of Punta Gorda, 134 So. 611 (Fla. 1931).

According to several cases in this jurisdiction, there arises a presumption in favor of the validity of assessments by municipalities, and such can be overcome only by strong, direct, clear and positive proof submitted by or on behalf of the complaining party. However, such presumption arises only when the assessing authority makes specific findings as required by their charters and the statutes of this state and such is not properly and timely contested in a court of competent jurisdiction. No such presumption arose in this case. See Rosche v. City of Hollywood, 55 So.2d 909 (Fla. 1952), where estoppel played an important part in the court's decision.

In Meyer v. City of Oakland Park, 219 So.2d 417 (Fla. 1969), the court found that the resolution of the city of Oakland Park provided —

"\* \* \* that upon completion of the project each assessment would be credited, pro rata, for the difference between the amount of the assessment confirmed and the actual cost of the project, *but in no event should the final assessments exceed the amounts of benefits confirmed by resolution.*" (Italics added.)

The Supreme Court, in the above case, stated that there are many elements entering into the question of determining and pro-rating benefits. It then listed them as follows —

(1) Physical conditions,

(2) Nearness to or remoteness from residential and business districts,

(3) Desirability for residential or commercial purposes, and

(4) Any other conditions peculiar to the locality where the lands "improved" are located.

This court has found in this case that in considering the evidence submitted in relationship to the above listed elements — and others — the assessment made by the defendant city did exceed the value of benefits to the property of the plaintiff.

This court is impressed with the fine opinion in City of Tallahassee v. Baker, 53 So.2d 875 (Fla. 1951), and the legislative pronouncements contained in chapters 170 and 184, F. S. 1969.

It is the opinion of this court that the assessment contested by plaintiff is in excess of the benefits received and to the extent that such assessment is excessive the same is void, as a matter of law.

It is therefore ordered and adjudged as follows —

The sewer assessment confirmed by the defendant city against the plaintiff's property above described is adjudged to be void to the extent of 40% of the assessment made by the city. The city is ordered to make all necessary changes and corrections in its assessment lien records to show that the sewer lien which the city holds against the plaintiff's property be the sum of 60% of the sum heretofore assessed and levied against the property. The city shall within 30 days from the date of this order file with this court a statement certified by its clerk that the above adjustment has been made on its books.

Plaintiff and defendants shall bear their respective costs in this cause.