237 So.2d 318 (1970)
CITY OF HALLANDALE, Florida, a Municipal Corporation, E.J. Averman, Jack Lawrence, Russell Wilson, Ernest J. Pinto and James V. O'Leary, As City Commissioners of the City of Hallandale, Florida, and Robert F. Williams, As City Treasurer of the City of Hallandale, Florida, Appellants,
v.
Clifton MEEKINS and Edith F. Meekins, His Wife, and Ralph C. Thompson and Stella R. Thompson, Husband and Wife, Appellees.
CITY OF HALLANDALE, Florida, a Municipal Corporation, E.J. Averman, Jack Lawrence, Russell Wilson, Ernest J. Pinto and James V. O'Leary, As City Commissioners of the City of Hallandale, Florida, and Robert F. Williams, As City Treasurer of the City of Hallandale, Florida, Appellants,
v.
INVESTMENT CORPORATION OF SOUTH FLORIDA, a Florida Corporation, Appellee.
Nos. 2604, 2605.
District Court of Appeal of Florida, Fourth District.
June 9, 1970.
Rehearings Denied August 6, 1970.
*319 Fred J. Ward, of Crouch & Ward, Hallandale, for appellants.
Robert B. Butler, of Ellis, Spencer & Butler, and Ralph R. Quillian, Hollywood, for appellees Thompson and Meekins,.
Irving B. Levenson, Marion E. Sibley, and Allan M. Glaser, of Sibley, Giblin, Levenson & Ward, Miami Beach, for appellee Investment Corp. of South Florida.
OWEN, Judge.
The City of Hallandale, having levied certain special assessments against appellees' property for local sewer improvements, appeals from a circuit court judgment declaring such special assessments illegal and void.
In November, 1967, the city initiated a program providing local sanitary sewer improvements embracing lands owned by the appellees. The city complied in all respects with the technical requirements of F.S. 1967, Chapter 170, F.S.A. The appellees' complaints to the equalizing board having *320 been unsuccessful, they instituted their respective suits in the circuit court promptly after the city had passed the final resolution by which the special assessments on the property were confirmed as legal, valid and binding liens. Alleging that the sewer assessments levied by the city were exorbitant, excessive, arbitrary, discriminatory, inequitable and unfair, and that such special assessments exceeded the benefits received by appellees' respective properties, the complaints sought a judgment declaring the assessments invalid and enjoining their collection. The suits were consolidated and tried together, and have been consolidated on this appeal, the determinative issue being the same in each.
The facts as found by the court were substantially as follows: The sanitary sewer project in question had a total estimated cost of $1,000,000, all of which was assessed against property within the improvement district on a uniform square foot basis. The resolution adopting the assessment roll recited a legislative determination by the city commission that the assessments were in proportion to the benefits to be derived from the improvement and would not exceed the benefits. The determination of benefits made by the city commission was based solely upon the opinion of the city engineer that the property was benefited to the extent of the assessments, and his recommendation that the cost of the improvement be distributed over all parcels within the improvement district on a square foot basis without consideration of the use to which the individual parcels were put. Other than the resolution adopting the assessment roll, there was no specific finding of benefit as to each lot or parcel within the improvement district. The sewer system was designed for a capacity flow of 300,000 gallons per day, but the anticipated daily flow at the time the system was placed in operation was less than 50% of its designed capacity. A large part of the appellees' lands was vacant, the property of one appellee being utilized as a dog track under the supervision of the State Racing Commission, and the property of another appellee being under long term lease to the operators of the dog track for use as a parking lot. The dog track property had been assessed 10.4% of the total cost of the improvement and the parking lot area was likewise assessed proportionately on a square foot basis. The property used as a dog track had, on the basis of existing facilities, a projected flow of 14,750 gallons per day, or 4.9% of the designed capacity of the sewer system, during the three months of the year that the dog track was in operation. The dog track had no projected use of the sewer system during the remainder of the year, nor did the parking lot area have any present or projected use of the sanitary sewer system at all.
In the final judgment the court recognized that the central issue presented was whether the special assessments levied against the plaintiffs' properties exceeded the benefits conferred thereon. A secondary issue involved was whether the city's failure to make a specific finding of the benefits which each separate lot or parcel of property would actually receive from the contemplated improvement invalidated the assessments. Finding against the city on both of these issues, the court entered its judgment holding the assessments illegal and void and enjoining collection of the same.
Accepting the trial court's factual findings, we believe that applicable principles of law require a determination that the assessments were valid and binding, and thus the judgment declaring them illegal and void must be reversed.
Assessments of this type are presumed to be correct and the burden is on those contesting the assessments to establish their invalidity. Klein v. City of New Smyrna Beach, Fla. 1963, 152 So.2d 466; Rosche v. City of Hollywood, Fla. 1952, 55 So.2d 909. The apportionment of the assessments is a legislative function and if reasonable men may differ as to whether *321 land assessed was benefited by the local improvement, the determination of the city officials as to such benefits must be sustained. Meyer v. City of Oakland Park, Fla. 1969, 219 So.2d 417.
The trial court relied upon the case of City of Fort Myers v. State, 1928, 95 Fla. 704, 117 So. 97, as authority for the general principle that the governing authority levying the special assessment must make a determination as to the special benefit to be received by each lot or parcel separately. However, such a specific finding of special benefits is not required in all cases. City of Treasure Island v. Strong, Fla. 1968, 215 So.2d 473. When a particular improvement by its nature is designed essentially to afford special or peculiar benefits to abutting or other property within the protective proximity of the improvement, it is presumed that special or peculiar benefits may or will accrue to the property so situated, and thus special assessments are permitted without an expressed finding or determination by the city that the property will be benefited. City of Treasure Island v. Strong, supra; Atlantic Coast Line R. Co. v. City of Gainesville, 1922, 83 Fla. 275, 91 So. 118.
We think a sanitary sewer system is by its nature designed essentially to afford special or peculiar benefits to abutting or other property within the protective proximity of the improvement. It provides no benefit to the public generally as does the paving of a public street, nor does it confer any benefit upon property lying outside of the geographical boundaries served by the improvement. Thus, there was a presumption of special benefits to the abutting and other property within the protective proximity of the improvement thereby relieving the city of the necessity of making a specific finding of benefits as to each parcel. Furthermore, in preparing the assessment roll, a municipality is not required to itemize and set forth opposite each parcel the amount in dollars said parcel would benefit from the improvements. Cape Development Co. v. City of Cocoa Beach, Fla. 1966, 192 So.2d 766.
In attempting to carry their burden of showing that the city commission had not properly determined the benefits, appellees called as a witness the city engineer upon whose opinion and recommendation the city commission had relied in making a legislative finding of benefits. While the city engineer's testimony established that the entire cost of the improvement was apportioned to the lands within the improvement area on a square foot basis, such fact alone was of no probative value. F.S. 1967, Section 170.01, F.S.A. expressly provides that the entire construction costs may be assessed. Determining benefits on a square foot basis is entirely proper if it appears that the application of the square footage results in substantial or at least a rough approximation to apportionment. Meyer v. City of Oakland Park, supra.
Turning now to what the court considered the central issue of the case, i.e., whether the special assessments levied against the appellees' property exceeded the benefits, we think it clear that the court's affirmative determination of this issue was based upon equating benefits with present use of the improvement.
We are of the view that the present special use to which property is voluntarily put is not at all determinative of whether such property has either greater or less benefits accruing than other property in the improvement district. Otherwise, a vacant lot lying within the improvement district would have to be deemed as receiving no benefit from a sanitary sewer while the immediately adjacent and otherwise identical lot upon which was situated a highrise apartment would have to be deemed as receiving a substantial special benefit. The inequity of such an example is amplified if, shortly after the assessments have become finalized, a similar highrise apartment is constructed on the non-assessed lot, the two apartment buildings subsequently utilizing *322 the sanitary sewer system to the same extent. The proper measure of benefits accruing to property from the improvement is not limited to the use which is made of the improvement at that time, but extends to the use which could be made of the improvement in the future upon the property being devoted to any use which reasonably might be made of it.
Although the case of Howard Park Co. v. City of Los Angeles (1953), 119 Cal. App.2d 515, 259 P.2d 977 involved different facts, we think the following quoted language apropos:
"We are constrained to hold that a special use to which property is put cannot be considered as affecting the amount of benefits, but, that such amount is to be measured by the benefit which would be received by the property if devoted to any use which might reasonably be made of it. It would be inequitable and unfair to exempt particular property from an assessment when a special use is voluntarily made of it by the owner, and which he may change at any time so as to reap the benefits of an improvement that does not, at the time an assessment is made, benefit him because of a special use to which he has voluntarily put his property."
Our view appears to be in accord with the philosophy of looking to future possible uses as reflected by the language of the court in Meyer v. City of Oakland Park, supra, 219 So.2d at page 420:
"Vacant lots and lands, may, and usually do, receive a present special appreciable benefit from the construction of a sewer in proximity with and accessible by them for sewerage purposes sufficient to sustain an assessment made on the basis of benefits. A reasonable approach to the question of best possible use is a determination of what can be done with the property by improvements which are reasonably attainable and which can enhance the value under all present circumstances or those foreseeable in the very near future."
Clearly, there is no necessary correlation between the special benefit conferred upon property by a sanitary sewer system servicing the property and the present use being made of such property. The special benefit is the availability of the system and is permanent, but the use to which the property is put is usually temporary and changes from time to time. The court was of the view that since the dog track was operated under a permit granted by the State Racing Commission, there was little likelihood of a change in the use of such property in the foreseeable future. Assuming this to be correct, such continued special use of the property is purely voluntary on the part of the owner, presumably because it is advantageous to devote the property to such special use. However, if the owner should find it to his best interests to do so, he would convert the property to another use. It is quite conceivable that in such event the flow from the property to the sewer system could be multiplied many times over the present flow. The city engineer testified that the growth factor of 100% which had been built into the system did not contemplate that every property presently serviced by the system would ultimately double its present use, but rather that the designed capacity allowed for 100% growth within the improvement district, a substantial portion of which growth could easily come from a single parcel such as the dog track area should it be converted to another use. Since there is no basis to find that the appellees' properties reasonably could not be put to a use requiring substantial use of the improvement, we see no inequity in the appellees' lands being assessed on the same square foot basis as others within the district.
Appellees had sought to establish that on two prior sewer projects the city had given special considerations or concessions to large undeveloped tracts of land, a preferential treatment to which appellees *323 apparently felt likewise entitled. Since the briefs contain some reference to this prior conduct on the part of the city, we merely point out that the course of action followed by the city in connection with another and separate sewer improvement was not shown to be relevant to the issues in the present case.
The judgment is reversed and the cause remanded for entry of judgment favorable to the defendant appellant.
WALDEN, J., concurs.
McCAIN, J., dissents, with opinion.
McCAIN, Judge (dissenting):
I would affirm the trial court's judgment declaring the special assessments against appellees' property for local sewer improvements void and illegal.
It is readily acknowledged that apportionment of assessments of this nature is a function for municipal officials whose determination is presumptively valid, and it is conceded that absolute specificity by itemizing and setting forth opposite each parcel the amount in dollars it would benefit from the improvement, is not required. However, in this case the minimum standards were not hurdled by the city.
No question exists but that the appellees instituted timely objections and action. Therefore, the doctrines of waiver, estoppel or laches, as referred to in City of Treasure Island v. Strong, Fla. 1968, 215 So.2d 473, are not applicable.
Here, the city simply adopted the assessment roll as prepared and submitted by the city engineer. During trial and upon examination the engineer admitted that he had made no specific findings or determination of benefits to the property involved and that no consideration was given to the use to which the property was put. His conclusion was as to the whole, i.e., all parcels within the improvement district were assessed for the cost of the improvement on a square foot basis. From this it appears that actual consideration of benefits was never afforded these lands either as to the special use of the lands or the use to which the lands could be reasonably devoted in the future.
The ultimate determination of the trial judge in holding the assessment void and invalid reflects a correct application of the term "benefit" as defined in Meyer v. City of Oakland Park, Fla. 1969, 219 So.2d 417, viz.:
"* * * `[B]enefit,' as regards validity of improvement assessments, does not mean simply an advance or increase in market value, but embraces actual increase in money value and also potential or actual or added use and enjoyment of the property * * * A reasonable approach to the question of best possible use is a determination of what can be done with the property by improvements which are reasonably attainable and which can enhance the value under all present circumstances or those foreseeable in the very near future."
In this case I cannot construe a presumed benefit arising from the adoption of the assessment roll which equals or is in excess of the assessment. The appellees met the burden stated in City of Treasure Island, supra, to the effect:
"In this case the City, under legislative authority, possessed the power to allocate on a fair and reasonable basis the benefits presumed to arise from the improvement and to prorate the same in terms of the construction cost, subject, however, to a timely showing by an affected property owner that such collective allocation was erroneous and unfair for the reason that the assessment against his property was not supported by commensurate special benefits derived from the improvement. This right is endowed by the constitutional imperative that an assessment *324 in excess of special benefits accruing to the property is a confiscation or taking of property without due process. * * *"
Accordingly, I would affirm.