411 So.2d 1339 (1982)
CITY OF GAINESVILLE, Appellant,
v.
SEABOARD COASTLINE RAILROAD COMPANY, Appellee.
No. AD-199.
District Court of Appeal of Florida, First District.
March 18, 1982.
Rehearing Denied April 23, 1982.
*1340 David La Croix of Sieg, Comfort, Hawk, La Croix & Reid, Gainesville, for appellant.
Charles G. Felder of Clayton, Duncan, Johnston, Quincey, Ireland, Felder & Gadd, Gainesville, for appellee.
WIGGINTON, Judge.
This cause comes before us on appeal for the second time, challenging the final judgment of the trial court invalidating a special tax assessment levied by the City of Gainesville on industrial property owned by Seaboard Coastline Railroad Company for paving improvements. We reverse.
The pertinent facts of this case are set forth in this Court's initial opinion reported at 385 So.2d 1069. That appeal was brought by the City to challenge the trial court's finding that the City's action in assessing the tax amounted to fraud and was confiscatory. This Court, respectfully disagreeing with the trial court's conclusion of law, held that the City's actions would only be confiscatory if the Railroad's property "is not benefitted by the improvement to the extent of the assessment or if only incidental benefit results to the property improved and the primary benefit is to the public." Id. 385 So.2d at 1072. In so holding, this Court found the trial court made no findings on the question of benefits. Accordingly, we reversed and remanded with directions to the trial court to reevaluate the evidence on that question.
On remand, the trial court, pursuant to its discretionary authority, received additional testimony. See, e.g., Tampa Electric Co. v. Crosby, 168 So.2d 70 (Fla. 1964). Again, in holding in favor of the Railroad, the trial court found that the paving of N.E. 31st Avenue resulted in primary benefit to the general public. Any benefit to the Railroad property abutting the paved road was found to be insignificant. Consequently, the trial court invalidated the special assessment. Once more, this Court must respectfully disagree with the trial court's conclusion of law as applied to the facts.
The courts in this state are not powerless to review objections to special assessments. However, in this case, the trial court misconstrued both its role in evaluating the evidence and the Railroad's burden of proof. In the area of special assessments for local improvements, there is a presumption that the findings of the local government as to benefits are correct and this presumption can be overcome only by strong, direct, clear and positive proof. Rosche v. City of Hollywood, 55 So.2d 909, 913 (Fla. 1952). The apportionment of assessments is a legislative function, so if the evidence as to benefits is conflicting, as is generally the case, and is predicated on the judgment of expert witnesses, the findings of the city officials will not be disturbed. Id.; see also Meyer v. City of Oakland Park, 219 So.2d 417 (Fla. 1969); and City of Hallandale v. Meekins, 237 So.2d 318 (Fla. 4th DCA 1970).
The burden of proof is therefore on the Railroad to rebut the presumption of correctness. However, a review of the record reveals that it has failed to sufficiently rebut that presumption. The Railroad's argument is premised on its contention that the City, in making its determination of benefits, should have taken into account the offsetting costs to the Railroad in order for it to realize those benefits. The Railroad presented testimony by an expert appraiser stating that those offsetting costs precluded it from receiving any real benefit from the paving.
The Railroad's position is that its planned use of the property is its best possible use to the exclusion of all others, and that the Railroad would not derive benefits which would outweigh its share of the assessment costs. The rule of special benefits *1341 necessarily envisions broader horizons, that is, the potential or added use and enjoyment of the property. The approach taken by the Supreme Court of Florida as to the question of "best possible use" is a determination of what could be done with the property by improvements reasonably attainable, which improvements would enhance not only the value of the property under all present circumstances but under those foreseeable in the very near future as well. Meyer, 219 So.2d at 420. Pursuant to that approach, we agree with the view adopted by our sister court in Meekins, in which it was held:
... the present special use to which property is voluntarily put is not all determinative of whether such property has either greater or less benefits accruing than other property in the improvement district... The proper measure of benefits accruing to property from the improvement is not limited to the use which is made of the improvement at that time, but extends to the use which could be made of the improvement in the future upon the property being devoted to any use which reasonably might be made of it... The special benefit is the availability of the system and is permanent, but the use to which the property is put is usually temporary and changes from time to time.
237 So.2d at 321, 322. We adopt that view in an effort to avoid the inequitable result of exempting certain property from an otherwise uniform assessment because of the use to which it is voluntarily put, when that use may be changed at any time after the assessment and upon completion of the improvement, to benefit from the improvement. Such opportunity for windfall benefits must not result.
In the instant case, contrary to the testimony presented by the Railroad's expert witness, evidence adduced at the rehearing by the City revealed that the paving of N.E. 31st Avenue resulted in an increase in value of the Railroad's property of approximately $35,600.00; that the highest and best use for the property would be development in the same fashion as the industrial center to the south of N.E. 31st Avenue, and not as that originally contemplated in the Railroad's 1967 plan; that the paving made available to the Railroad alternative methods of developing its property, thereby having an additional effect on the market value of the property; and finally, that as a result of traffic and market surveys conducted by expert appraisers, the primary benefit of the paving of N.E. 31st Avenue was not to the public, but to the adjoining and nearby properties and businesses. Again, there is a presumption that the City's resolution coupled with competent substantial evidence as to benefits, are correct. The evidence to overthrow the presumption must be clear, cogent and conclusive.
After considering the evidence in this case, we conclude that the Railroad failed to carry its burden of proof and that the property involved did receive benefits sufficient to justify the special assessment. Accordingly, the trial court's judgment is reversed and remanded for entry of final judgment in favor of the City.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH, J., concur.