The Honorable Charles Owen Chairman, Osceola Board of County Commissioners 17 South Vernon Avenue, Room 155 Kissimmee, Florida 34741-5488
Dear Chairman Owen:
You ask substantially the following question:
May a municipal service benefit unit, established pursuant to s.125.01(1)(q) and (r), F.S., impose non-ad valorem assessments which are not uniform to provide municipal services in the unincorporated areas of the county without approval of the electorate in the municipal service benefit unit as set forth in s. 9(b), Art. VII, State Const.?
In sum:
A municipal service benefit unit, established pursuant to s.125.01(1)(q) and (r), F.S., may impose special assessments which are not uniform to provide municipal services in the unincorporated areas of the county without approval of the electors of the municipal service benefit unit.
Section 125.01(1)(q)1., F.S., authorizes the board of county commissioners to establish municipal service taxing or benefit units for any or all of the unincorporated area of the county for the purpose of providing certain essential facilities and municipal services,[1] including fire protection, from "funds derived from service charges, special assessments, or taxes within such unit only." Pursuant to s. 125.01(1)(r), F.S., the board of county commissioners is authorized to levy and collect taxes, for providing of municipal services within any municipal service taxing unit, and special assessments.
According to your letter, a question has been raised regarding the imposition of special assessments within a municipal service benefit unit for fire protection.
The courts of this state have recognized that the imposition of special assessments is not restricted to the construction of public improvements but may also be imposed for the furnishing of certain services, among them, fire protection. In Fire District No. 1 of Polk County v. Jenkins,[2] the court upheld the constitutionality of a special act authorizing a county fire district to levy special assessments against mobile home rental spaces. More recently, the Second District Court of Appeal in Charlotte County v. Fiske,[3] stated that the construction of a public improvement is not necessary for the imposition of a special assessment: "The `improvement' involved may well be simply the furnishing of or making available a vital service, e.g., fire protection or . . . garbage disposal."[4]
You inquire whether the uniformity requirements of s. 2, Art. VII, State Const., apply to special assessments imposed by the municipal service benefit unit. Section 2, Art. VII, State Const., provides in pertinent part that "[a]ll ad valorem taxation shall be at a uniform rate within each taxing unit . . . ." The constitutional provision, by its own terms, applies to ad valorem taxes. To the extent that a municipal service taxing unit is levying ad valorem taxes, such taxes must be imposed at a uniform rate within the unit.[5]
Special assessments, however, are not taxes but are "charges publicly assessed against the property of some particular locality because that property derives some special benefit from the expenditure of the money collected by the assessment in addition to the general benefit accruing to all property or citizens."[6]
Unlike a tax, special assessments place a special charge on the land based upon the justification that the land derives a special benefit in addition to the general benefit to the public.
A special assessment, therefore, is an enforced contribution from the property owner imposed on the theory that the property assessed derives some special or peculiar benefit in the enhancement of value as a result of the improvement or service that is made with the proceeds. The assessment must not be in excess of the proportional benefits as compared to other assessments on other lots and tracts affected by the improvement.[7]
However, the manner of the assessment is immaterial and may vary within the benefit unit provided that the amount of the assessment is not in excess of the proportional benefits as compared to other assessments on other tracts.[8]
As The Supreme Court of Florida recognized in City of Ft. Myers v. State[9]:
No system of appraising benefits or assessing costs has yet been devised that is not open to some criticism. None have attained the ideal position of exact equality, but, if assessing boards would bear in mind that benefits actually accruing to the property improved in addition to those received by the community at large must control both as to benefits prorated and the limit of assessments for cost of improvement, the system employed would be as near the ideal as it is humanly possible to make it.[10]
Accordingly, the imposition of special assessments need not be uniform but may vary within the benefit unit provided that the amount of the assessment is not in excess of the proportional benefits as compared to other assessments on other tracts.
Your inquiry also concerns the imposition of special assessments without approval by the freeholders as is provided in s. 9(b), Art. VII, State Const.[11] This constitutional provision is applicable, by its own terms, to ad valorem taxation, and as noted above, special assessments are not ad valorem taxes. Accordingly, approval by referendum of the imposition of special assessments within a municipal service benefit unit is not required.[12]
I am, therefore, of the opinion that a municipal service benefit unit may impose special assessments which are not uniform to provide municipal services in the unincorporated areas of the county without approval of the electors in the benefit unit pursuant to s. 9(b), Art. VII, State Const.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 125.01(1)(q)1., F.S., refers to fire protection, law enforcement, beach erosion control, recreation service and facilities, water, streets, sidewalks, street lighting, garbage and trash collection and disposal, waste and sewage collection and disposal, drainage, transportation, indigent health care services, and other essential facilities and municipal services as the type of facilities and services which may be provided within such units.
[2] 221 So.2d 740 (Fla. 1969). And see, South Trail Fire Control District, Sarasota County v. State, 273 So.2d 380 (Fla. 1973).
[3] 350 So.2d 578, 580 (2 D.C.A. Fla., 1977).
[4] And see, AGO 90-39 stating that s. 125.01, F.S., authorizes a county to impose special assessments to generate funds to provide garbage and trash collection within a municipal service taxing or benefit unit created for that purpose.
[5] See, Gallant v. Stephens, 358 So.2d 536 (Fla. 1978), concluding that the ad valorem tax imposed for the county's municipal service taxing unit was uniform within the taxing unit, that is, the unincorporated area.
[6] 48 Fla.Jur.2d Special Assessments s. 1.
[7] South Trail Fire Control District, Sarasota County v. State,273 So.2d 380, 384 (Fla. 1973).
[8] Id. at 384, in which the Court upheld special assessment imposing different rates for commercial buildings, single family residences, duplex residences, apartment units, vacant land, rental trailer space, etc., and stated that "[t]he mere fact that some property is assessed on an area basis, and other property is assessed at a flat rate basis, does not in itself establish the invalidity of the special assessment." And see, Charlotte County v. Fiske, supra at 580-581 (ordinance imposing special assessment for garbage disposal upon residential units, but not upon commercial units in a sanitation district, was not clearly shown to be arbitrary, oppressive or discriminatory or without basis in reason, in view of widely varied production of garbage among commercial units).
[9] 117 So. 97, 104 (Fla. 1928).
[10] See, Meyer v. City of Oakland Park, 219 So.2d 417 (Fla. 1969), stating that many elements enter into the question of determining and prorating benefits and that the term "benefits" as regards the validity of improvement assessments embraces actual increase in money value and also potential or actual or added use and enjoyment of the property. See also, City of Gainesville v. Seaboard Coastline Railroad Company, 411 So.2d 1339 (1 D.C.A. Fla., 1982) (proper measure of benefits accruing to property from improvement is not limited to use which is made of improvement at that time but extends to use which could be made of improvement in the future upon property being devoted to any use which reasonably might be made of it).
[11] Section 9(b), Art. VII, State Const., provides in pertinent part:
Ad valorem taxes . . . shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: for all county purposes, ten mills; for all municipal purposes, ten mills; . . . and for all other special districts a millage authorized by law approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation. A county furnishing municipal services may, to the extent authorized by law, levy additional taxes within the limits fixed for municipal purposes.
[12] See generally, Tele-Media Co. of Key West v. Monroe County,391 So.2d 375 (3 D.C.A. Fla., 1980) (power of county to establish special tax districts under s. 125.01[1][q], F.S., is discretionary). And see, Gallant v. Stephens, supra, stating that counties have the authority to create municipal service taxing units having the power to impose ad valorem taxes without voter approval); s. 9(b), Art. VII, State Const. ("county furnishing municipal services may, to the extent authorized by law, levy additional taxes within the limits fixed for municipal purposes"); s. 125.01(1)(q)1., F.S., stating that it is the intent of the Legislature that this paragraph is the authorization for all counties to levy additional taxes, within the limits fixed for municipal purposes, within such municipal service taxing units under the authority of s. 9(b), Art. VII, State Const.