630 So.2d 643 (1994)
James L. RUSHFELDT, et al., Appellants,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 92-2505.
District Court of Appeal of Florida, Third District.
January 11, 1994.
*644 John Alan Norris, Miami, for appellants.
Robert A. Ginsburg, County Atty., and James K. Kracht, Asst. County Atty., for appellee.
Before NESBITT, COPE and LEVY, JJ.
PER CURIAM.
James L. Rushfeldt appeals an order upholding the validity of an ordinance creating the Belle Meade Security Guard Special Taxing District. We entirely agree with the judgment of the trial court, which we quote in part as follows:

SUMMARY FINAL JUDGMENT FOR DEFENDANT
This cause came before the court on August 4, 1992 on Defendant's Motion for Summary Judgment, together with supporting affidavits. Argument having been heard, the Court file having been reviewed, Plaintiff's affidavit and transcript filed in opposition thereto having been considered, and case law having been examined, the Court finds that there is no genuine issue of material fact and is of the opinion that Defendant is entitled to entry of Summary Final Judgment in its favor as a matter of law. In support thereof the Court hereby makes the following findings and conclusions:
1. By this action the plaintiff challenges the validity of Ordinance No. 91-38 and Resolution R-91-231, enacted by the Board of County Commissioners of Dade County, Florida, by questioning the authority, procedures, and functions relating to the creation and operation of the Belle Meade Security Guard Special Taxing District.
2. The Dade County Board of County Commissioners pursuant to authority granted under the Home Rule Charter and Chapter 18 of the Dade County Code, created the Belle Meade Security Guard Special Taxing District by adopting Ordinance No. 91-38 and Resolution R-91-231.
3. By an "Order on Plaintiffs' Motion for Summary Judgment" entered on May 26, 1992, this Court previously resolved certain issues and held: (a) the Board of County Commissioners properly allowed all resident electors residing within the taxing district to vote for or against the creation of the taxing district; (b) the taxing district levies special assessments, not taxes; (c) Pursuant to Chapter 18 of the Dade County Code the Dade County Manager properly delegated his investigative responsibilities to the county's Public Works Director; and (d) the Manager satisfied Chapter 18's requirement of a recommendation of necessity by incorporating the findings of the Public Works Director.
4. By its Motion for Summary Judgment Defendant seeks entry of judgment in its favor, raising 5 separate grounds, each of which the Court will specifically address below.
... .
7. Third, Defendant seeks entry of judgment in its favor on the ground that the security guard and guard gate services provided by the Belle Meade Special Taxing District are a proper purpose for special taxing districts. In accordance with Section 1.01(a)11 of the Dade County Home Rule Charter and Section 18-2 of the Dade County Code, Special Taxing Districts may be created to provide police services and other essential facilities and services. An increasing number of communities are choosing to protect their persons and property by supplementing municipal and county police service with walled communities, neighborhood crime *645 watches, off-duty police officer patrols, and protected entrances, including guard gates and guardhouses, manned with off-duty police officers or security guards. The security guard gate and guardhouse services provided to the residents and property within Belle Meade, through the Belle Meade Security Guard Special Taxing District, represent a proper utilization of the Special Taxing District provisions of the Home Rule Charter and Dade County Code. Compare Northern Palm Beach County Water Control District v. State, 604 So.2d 440 (Fla. 1992).
The special taxing district mechanism exists to enable communities and neighborhoods to provide and pay for those additional facilities and services  which they deem essential and desirable, and which specially benefit their property  such as water, sanitary sewers, storm sewers, street lights, parks, landscaped green areas, better roads, sidewalks, and additional police and fire protection services. The residents of the District, the Dade County Manager, and the Dade County Commission properly determined the guard gate and security guard services to be provided by the District to be properly performed by the Belle Meade Security Guard Special Taxing District.
8. Fourth, Defendant seeks entry of judgment in its favor on the ground that the Board of County Commissioners acted properly in not providing a variation in the District's special assessments as between east and west residents in the District. There is no requirement in the Dade County Code or otherwise mandating tiered assessments based on a property's proximity to the entrance to Belle Meade. The guard gate and guard house services performed by the Special Taxing District specially benefit all of the property within the taxing district.
In Hallandale v. Meekins, 237 So.2d 318 (Fla. 4th DCA 1970), [cert. discharged, 245 So.2d 253 (Fla. 1971),] the court said about special assessments: "Assessments of this type are presumed to be correct and the burden is on those contesting the assessments to establish their invalidity. The apportionment of the assessments is a legislative function... ." Id. at 320. As the Supreme Court noted in City of Fort Myers v. State, 95 Fla. 704, 117 So. 97, 104 (1928) "No system of appraising benefits or assessing costs has yet been developed that is not open to some criticism." In Charlotte County v. Fisk, 350 So.2d 578 [, 580-81] (Fla. 2d DCA 1977), the court stated:
[A]dministrative or legislative determinations or findings of fact are entitled to great weight and ought not be lightly tampered with or voided absent a clear showing that they are arbitrary, oppressive, discriminatory or without basis in reason.
[... .]
The mere fact that the community at large, or the commercial properties within the service district, peripherally may also enjoy the cleaner and garbage free environment does not change this[.]
The record herein amply supports the propriety of the unit method utilized for the special assessments imposed within this taxing District. There is no evidence that the legislative findings of special benefit to the property assessed are arbitrary, discriminatory or without basis in reason or law. As required by law and determined by the Board of County Commissioners, the properties assessed in this special taxing district are receiving a special benefit in excess of the special assessments to be levied. To require imposition of a distinction between eastern and western residents as urged by the Plaintiff could make it impossible to ever create a special taxing district. Such a requirement is not mandated by law and not supported by the record herein.
9. Fifth, Defendant seeks entry of judgment in its favor on the ground that the Belle Meade Special Taxing District properly excluded Belle Meade Island. The record herein amply demonstrates that in reviewing and establishing the Belle Meade Security Guard Special Taxing District, Dade County was aware of and fully considered the issues relating to Belle Meade Island. Since 1990 the residents *646 of Belle Meade Island have provided their own guard gate and guard house services like those now provided in Belle Meade. As recently stated by the Supreme Court in City of Boca Raton v. State, 595 So.2d 25 (Fla. 1992):
It [a special assessment] is imposed upon the theory that that portion of the community which is required to bear it receives some special or peculiar benefit in the enhancement of value of the property against which it is imposed as a result of the improvement made with the proceeds of the special assessments.

Id. at 29.
The record herein, when construed in a light most favorable to the plaintiff, certainly does not demonstrate that the residents and property owners of Belle Meade Island receiving security guard services from their own security guard special taxing district receive any assessable special benefit by driving through the Belle Meade Security Guard Special Taxing District. Moreover, the Home Rule Charter has reserved to the Board of County Commissioners the power to merge special taxing districts, should it be determined to be in the best interest of the affected properties. There is simply no evidence to support a finding that the exclusion of Belle Meade Island from this taxing district was arbitrary, discriminatory, contrary to law, or without reason.
Wherefore, based upon the foregoing findings and conclusions, Defendant's Motion for Summary Judgment be and the same is hereby granted. Summary Final Judgment is hereby entered in favor of Defendant and against the Plaintiff. Defendant shall go hence without day and Plaintiff shall take nothing by this action. The Court retains jurisdiction over this cause solely for the purpose of taxing costs.
DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this day of AUG 17, 1992.
 /S/
 Ursula Ungaro-Benages
 Circuit Judge
Affirmed.