444 So.2d 37 (1983)
ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW/ACORN, a Non-Profit Corporation; Verna Lee Dukes; Alberta Gidden, Individually and On Behalf of All Those Similarly Situated, Appellants,
v.
CITY OF FLORIDA CITY, a Municipal Corporation; John Calualtti, in His Capacity As Mayor of Florida City; Otis Wallace; Juanita Smith; Arturo De Leon; Jennie Notaro, in Their Official Capacity As City Commissioners of the City of Florida City, Appellees.
No. 83-1272.
District Court of Appeal of Florida, Third District.
December 27, 1983.
Rehearing Denied February 13, 1984.
Joseph P. Hoffman, Leon Sharpe, Miami, for appellants.
*38 Joseph F. Tomassi, Homestead, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The Association of Community Organizations for Reform Now (the Class) brought this class action seeking an order invalidating certain special assessments levied by the City of Florida City (the City) for a sewer system. The Class also sought to enjoin the City's foreclosure actions against the properties of those who have not paid the assessment. This is an appeal from a final judgment in favor of the City.
The trial court held that the special assessments for the sewer system improvement, the assessment liens and the foreclosure actions were valid against the members of the Class. The court below made specific findings of special benefit to the Class. The Class contends that the trial court's holding was unsupported in fact and law.
Factually, the Class asserts that the distances between the properties of the Class members and the system made the system inaccessible. The Class incorrectly asserts that property must abut the improvement to be assessed for it. All property abutting or within the protective proximity of a sewer system improvement may be assessed. City of Hallandale v. Meekins, 237 So.2d 318 (Fla. 4th DCA 1970). Whether the properties of the Class were within the "protective proximity" was a factual determination concerning which both parties had the opportunity to present evidence and expert testimony to the trial court. We will not disturb the factual conclusions of the lower court when, as here, the judgment is supported by sufficient evidence in the record. See Airborne Freight Corp. v. Fleming International Airways, Inc., 423 So.2d 921, 922 (Fla. 3d DCA 1982).
In addition, the Class asserts that there can be no special benefit from the sewer system before the system is completed. In this regard, the Class contends that the trial court's finding of benefit is unsupported in both fact and law. Legally, the Class asserts that there can be no assessment for a future benefit. This is not correct. The City may calculate the benefit to be derived and levy a special assessment for the improvement before actually completing the improvement. In Atlantic Coastline Ry. v. City of Winter Haven, 112 Fla. 807, 114 Fla. xxv [corrected opinion], 151 So. 321 (1933), the Florida Supreme Court stated that "if specially assessed property is, or may be, enhanced in value by the improvement when made, it is subject to an assessment in proportion to the benefits it will likely receive from the execution of the work." See also Atlantic Coastline Ry. v. City of Gainesville, 83 Fla. 275, 91 So. 118, 121 (1922) ("it is presumed or assumed that all property abutting on a street to be improved will or may be benefitted... .").
The Class states it is a self-evident fact that there can be no benefit from a sewer one cannot use. The City made the assessments according to "the McCabe plan," developed by a city engineer, which divided the sewer project into four phases. Under the McCabe plan, each property owner would be deemed to receive a further benefit as each phase of the sewer construction was completed. Those who were actually using the system were assessed at a higher rate than those who were not. The City determined that under the plan all taxpayers would be specially assessed in direct proportion to the benefit received.
The burden was on the Class to overcome the dual presumptions that a sewer system improvement is of special benefit to those in proximity to it, see City of Hallandale v. Meekins (not necessary for city to make specific finding of special benefit to each parcel abutting or within protective proximity of sanitary sewer improvement because such an improvement is by its nature designed to afford special or peculiar benefit to those properties) and that the legislative determination of special benefit is correct. See Meyer v. City of *39 Oakland Park, 219 So.2d 417 (Fla. 1969); City of Winter Haven; Atlantic Coastline Ry. v. City of Gainesville. If reasonable men could differ over whether there was a special benefit, the court must defer to the determination of the city officials. City of Gainesville v. Seaboard Coastline Ry., 385 So.2d 1069 (Fla. 1st DCA 1980); City of Hallandale v. Meekins. The Class has clearly failed to sustain its burden of overcoming these presumptions. Whether the assessment is for the future benefit of a completed system or for the present benefit derived from a partially completed system,[1] it is clear that the Class was indeed properly assessed for the sewer system improvement.
The judgment below is affirmed.
NOTES
[1] It is also clear that the assessments are contributions for a completed system, regardless of whether the Class is deemed to have been benefitted by partial completion. We have no reason to doubt that the City will complete the system and provide sewer service to the Class. Having levied assessments against the Class, the City has entitled the Class to a completed system and the Class is not without legal recourse to enforce this right should the City fail to complete the sewer.