755 So.2d 732 (2000)
David M. POMERANCE and Richard C. Pomerance, Appellants,
v.
HOMOSASSA SPECIAL WATER DISTRICT, etc., Appellees.
No. 5D98-2504.
District Court of Appeal of Florida, Fifth District.
March 24, 2000.
Karen O. Gaffney of Haag, Gaffney & Wilcox, P.A., Inverness, for Appellants.
Jack A. Moring of Myers & Moring, P.A., Crystal River, and Sidney F. Ansbacher of Upchurch, Bailey & Upchurch, P.A., St. Augustine, for Appellees.
*733 THOMPSON, J.
David M. Pomerance and Richard C. Pomerance appeal a final judgment in favor of the Homosassa Special Water District. In contention is whether the district properly assessed property owned by the Pomerances. We affirm.
In 1988, the district annexed Halls River Estates, lying north of the Pomerance property. The nine-acre Pomerance property was already within the district. After annexing Halls River Estates, the district ran water lines to serve Halls River Estates and to serve land, including the Pomerance property, previously lying within district boundaries. The district specially assessed the Pomerance property and the other properties abutting the water lines. After unsuccessfully protesting the assessment before the district, the Pomerances sued for relief in the circuit court. Their main contention, below and on appeal, is that their property will not be benefitted by the water line because the property consists primarily of wetlands and cannot be developed.
The Pomerances first argue that chapter 88-533, which authorized the annexation, is void because by its terms the effectiveness of the authorization is conditioned on a vote of the electors to be held by 2 December 1988. The election was held on 6 December 1988, four days late. We conclude that we need not rule on the validity of the act because the Pomerance property was within the territorial boundaries of the district before the enactment of chapter 88-533. Since the Pomerance property was already within the district, the district was authorized to extend water service to it, and to assess the property therefor, regardless of the validity of chapter 88-533.
The Pomerances next argue that there was no special benefit to their property because the district did not make a factual finding that the property was specially benefitted. Such a factual finding was not required. See City of Treasure Island v. Strong, 215 So.2d 473 (Fla.1968) ("when, as in the instant case, there is an inherent and obvious legislative determination in the enabling provision that the benefits flowing from a particular improvement are of the kind as would usually accrue to particular properties, it is not absolutely incumbent on the taxing authority to make a determination that each property ownership will be specially benefitted by the improvement"); see also, City of Hallandale v. Meekins, 237 So.2d 318 (Fla. 4th DCA 1970), adopted, cert. discharged, 245 So.2d 253 (Fla.1971) (sanitary sewer system is by its nature designed to afford special or peculiar benefits to abutting or other property within the protective proximity of the improvement, and, because of presumption of special benefit to abutting property, city was relieved of necessity of making specific finding of benefit as to each parcel).
The Pomerances also argue that their property was not in fact benefitted by the improvement. The burden is on the property owner to overcome the dual presumptions that a sewer system improvement is of special benefit to those in proximity to it, and that the legislative determination of special benefit is correct. Association of Community Organizations for Reform Now/Acorn v. City of Florida City, 444 So.2d 37, 38-39 (Fla. 3d DCA 1983), rev. denied, 451 So.2d 847 (Fla.1984)(citing Meekins; Meyer v. City of Oakland Park, 219 So.2d 417 (Fla.1969); Atlantic Coast Line R. v. City of Winter Haven, 112 Fla. 807, 151 So. 321 (1933); Atlantic Coast Line R. v. City of Gainesville, 83 Fla. 275, 91 So. 118, 121 (1922)). A water system is similar to a sewer system in the manner in which it benefits abutting property. See Murphy v. City of Port St. Lucie, 666 So.2d 879 (Fla.1995) (abutting properties specially benefitted by extension of existing water and sewer system into areas of the city not served by any system). The factual conclusions of the lower court should not be disturbed when the judgment is supported by sufficient *734 evidence in the record, and when both parties had the opportunity to present evidence and expert testimony to the trial court. Id. at 38.
In the instant case, it was the Pomerances' burden to overcome the presumptions that their property was benefitted from the improvement, and the presumption that the district correctly determined that the property received a special benefit. At trial, the parties presented conflicting expert testimony regarding the amount of the property that was wetlands, and the amount of the property that could be developed. The trial court found that the Pomerances did not prove by a preponderance of the evidence that there was no benefit to the property from the extension of water service to it. Because that finding is supported by the evidence, we cannot disturb it on appeal.
Finally, the Pomerances argue that the board was arbitrary in using the front-foot method of assessment, and that it improperly equated the benefit obtained with the pro rata cost of bringing water to the properties.[1] The front foot method of assessment is a valid exercise of the legislative power to make and spread such special assessments. Atlantic Coast Line R. Co., 151 So. at 323. The front foot method is the more traditional, although other methods are permissible. City of Boca Raton v. State, 595 So.2d 25, 31 (Fla.1992), modified on other grounds, Sarasota County v. Sarasota Church of Christ, Inc., 667 So.2d 180 (Fla.1995). The manner of the assessment is immaterial and may vary within the district, as long as the amount of the assessment for each tract is not in excess of the proportional benefits as compared to other assessments on other tracts. Id. (citing South Trail Fire Control District v. State, 273 So.2d 380, 384 (Fla.1973), modified on other grounds, Sarasota County v. Sarasota Church of Christ, Inc., 667 So.2d 180 (Fla. 1995)). Further, the district was not required to specifically itemize a dollar amount of benefit to be received by each parcel. Id. (citing Cape Dev. Co. v. City of Cocoa Beach, 192 So.2d 766 (Fla.1966)). As noted earlier, the legislative determination as to the apportionment of the costs of those benefits should be upheld unless the determination is arbitrary. Sarasota County v. Church of Christ, 667 So.2d at 184. The Pomerances have not shown that the selection of the front-foot method, which was allowed by the enabling legislation, was arbitrary.
In view of this result it is not necessary to discuss the points on appeal regarding the Pomerances' contention that the recordation of the assessment constituted a cloud on the title that the lower court should have removed, and that the assessment was a slander of title for which they were entitled to damages.
AFFIRMED.
ANTOON, C.J., concurs.
HARRIS J., dissents, with opinion.
HARRIS, J., dissenting.
This case adds insult to injury.
Homosassa Special Water District extended its waterline past the 8.95 acre parcel owned by appellants in Citrus County. The waterline was extended in order to accommodate a housing development farther out. Appellants were assessed almost $20,000 to support this accommodation. The problem, legally speaking, is that because their property has extensive wetlands, they receive little or no benefit from the waterline but they are being assessed on the same basis as those parcels which have no wetland restrictions.
The trial court's conclusion that since appellants had not applied for a building *735 permit, the evidence "reflects that development may be possible" is too simplistic. All of the experts testified about the extensive wetlands on this property. Worse, the sliver of upland that does exist, and which is the only part of appellants' land which could be developed and thus benefit from the waterline, is at the rear of the property.
Recognizing the problems inherent in running a road across wetlands, the District's expert opined access to the property subject to development could come from another direction. Does this not concede that the property subject to development does not front on the waterline?
Even though the District made an adjustment to the front foot assessment because of the configuration (triangular) of appellants' property, it made no adjustment because of the severely diminished capacity of the property to support development which all the experts agreed exists because of the wetlands. In other words, except for the shape of the property, appellants were assessed as though their entire parcel was subject to the same development capability as were other parcels assessed on the same front foot basis. Further, it is apparent from this record that in order to use the waterline provided by the District, appellants would have to further extend the waterline some eight acres across the wetlands before construction could commence. Property which could be developed adjacent to the waterline would of necessity benefit much more than property which had to have the lines extended several hundred feet before any benefit could accrue. The same logic which requires an adjustment to the standard per front foot assessment when the shape of the property affects its ability to benefit from the improvement, also requires an adjustment when such factors as wetlands and the distance from the lines to the development detract from the benefits.
The failure to consider these additional factors shows that the assessment on appellants' property was not assessed "in proportion to the benefits to be derived therefrom" as required by Chapter 63-1222, section 17(a) which authorized the assessment. For example, assume there are two ten-acre parcels of equal dimensions side by side. One parcel will support the construction of twenty homes; the other, only two homes. The parcel that will accommodate twenty homes will benefit much more by the extension of this waterline. Clearly an assessment on a standard front foot basis, when wetlands are involved only on some of the parcels, will not assess the properties in proportion to the benefits derived and, therefore, the District has exceeded its authority in assessing appellants' property herein.
In this case, we have a governmental agency which tells property owners that although they have an unequal right to develop their property, they must nevertheless pay an equal amount in bringing waterlines to their property. The District's enabling statute says the properties must be assessed only in accordance with the benefits received and so should we.
NOTES
[1] Contrary to the implication created by the dissent, the Pomerances do not argue that their assessment should be reduced; rather, their argument is that it should be eliminated entirely.